LORENZO D. STEPHENSON *et al.* v. ALBERT H. ELLIOTT *et al.*

1. ASSUMPTION OF MORTGAGE—*Mistake of Parties—Reformation of Deed.* Where the grantee of a deed enters into an agreement with the grantor that he will assume and pay all of the mortgages and incumbrances on the land conveyed at the time of the execution of the deed, but by the mutual mistake of the parties the deed in its written form does not express this contract, equity has jurisdiction to reform the written instrument so as to conform to the intention, agreement and understanding of the parties.

2. GRANTEE, *When Liable to Pay Mortgages.* Where the grantee, as a part of the consideration for the conveyance of a tract of land, accepts a deed which provides that he "assumes and agrees to pay all the claims, mortgages and interest of whatsoever nature of record at the date of the deed," he becomes thereby personally liable to the mortgagees to pay the mortgages on the premises so conveyed to him.

*Error from Jackson District Court.*

On the 24th day of September, 1881, William James and Eudora K. James, his wife, executed a mortgage to Susan A. Green upon a quarter section of land in Jackson county in this state, to secure $2,400 and interest. This was recorded October 31, 1881. On April 17, 1888, James and wife deeded the said land to L. D. Stephenson to secure $1,650, with interest from September 1, 1888. This was recorded the 18th day of May, 1888. At the same time, James and wife gave Stephenson a chattel mortgage on certain personal property, including a team, organ, and sewing machine, as additional security for the $1,650. On the 9th day of February, 1889, Stephenson, James and wife and Elliott entered into an agreement by which Stephenson was to deed the land to William James and to take a mortgage for $1,650, and James and wife were to deed the land to Elliott, in which he was to assume and pay all claims and mortgages thereon of record on the 9th of February, 1889. In pursuance of this arrangement, on the 9th of February, 1889, Stephenson deeded the land to William James. This deed was recorded

on the 9th of February, 1889, at 3:20 P.M.; and on the same day James and wife executed a mortgage on the same land to Stephenson to secure his $1,650 and interest.  This mortgage was filed of record at the same time as the deed.  On the same day, James and wife executed a deed to the same land to Albert H. Elliott, but by mistake his name was omitted in the part thereof in which he was to assume and pay the mortgage liens.  This deed was recorded on the 19th of March, 1889, at 10:10 P. M.  On the same day, Elliott deeded the land to the Scott's Hardware, Implement and Lumber Company, "subject to all liens of record at this date."  On the 17th day of April, 1889, Susan A. Green commenced her action against William James and Eudora K. James, Lorenzo D. Stephenson, Albert H. Elliott, and Scott's Hardware, Implement and Lumber Company, to recover $2,400 and interest from William and Eudora K. James and Albert H. Elliott, upon certain promissory notes of the 24th of September, 1881, executed by William James and wife to Susan A. Green, and also to foreclose the mortgage given to secure these notes.  The petition also alleged that

"The said defendant Albert H. Elliott did, on the 19th day of March, 1889, cause to be placed upon record in the office of the register of deeds in Jackson county, Kansas, an instrument of writing in words and figures as shown by 'Exhibit F,' hereto attached and made a part of this petition; and plaintiff alleges that the said Albert H. Elliott, by said agreement, did promise in writing to assume and pay plaintiff's claim, and did have full knowledge of plaintiff's claim and right to recover the several sums of money herein mentioned, and to have the same declared a lien upon the said premises, according to the conditions of plaintiff's mortgage, as shown by 'Exhibit A' herein, and plaintiff alleges that all of said A. H. Elliott's claims of title are subsequent to plaintiff's lien and inferior thereto, and that the said Elliott knew the note of $2,400 was given for the purchase money of the real estate described in 'Exhibit A.' "

The petition further alleged, that the other defendants had certain claims or liens which were subsequent and inferior to

the mortgage lien of plaintiff. The answer and cross peti-
tion of William James and wife alleged that, on the 9th of
February, 1889, Albert H. Elliott agreed with them to as-
sume and pay all the mortgages of record on the land at that
date as part consideration for the purchase of the land con-
veyed to him by them, and that George H. Barker, of Hol-
ton, in this state, was the duly-authorized agent of Albert H.
Elliott in preparing and writing out the deed executed by
them to Elliott on the 9th of February, 1889, and that—

"By mistake on the part of George H. Barker and a clerical
error in writing the deed, and by mutual mistake and mis-
understanding on the part of all parties to the deed, the
name of defendant Albert H. Elliott was left out of and
omitted in writing said agreement; that Albert H. Elliott
then and there received the deed as having said agreement on
his part to assume and pay said mortgages and all liens on
said land of record written therein, as stated and read by said
George H. Barker, and caused said deed to be recorded in the
said office of register of deeds in said county."

The answer and cross petition of L. D. Stephenson con-
tained, among other things, the following:

"That on the 9th day of February, 1889, the defendant
Albert H. Elliott received from the said William James and
Eudora K. James a deed conveying said land to him, the said
Albert H. Elliott, subject to the said lien and mortgage of
$1,650, and interest, in favor of said Lorenzo D. Stephenson,
and containing an agreement in writing therein by which the
said Albert H. Elliott assumed and agreed to pay said mort-
gage of $1,650, and the note secured thereby and interest
thereon, to said Lorenzo D. Stephenson, as the same became
due and payable, which said deed Albert H. Elliott, on the
19th day of March, 1889, caused to be filed in the office of
register of deeds in said county, and duly recorded therein in
book 42, on page 304, and thereby promised and agreed in
writing to assume and pay to the said Lorenzo D. Stephenson
said mortgage and debt of $1,650, and the interest thereon,
as the same became due and payable, a copy of which said
deed with all indorsements thereon is hereto attached, marked
'Exhibit E,' and made a part of this answer and cross peti-
tion; that by a clerical error in writing said deed, and by mu-

tual mistake and misunderstanding of all parties to said deed, the name of defendant Albert H. Elliott was left out of and omitted in writing said agreement on the part of said Albert H. Elliott in said deed."

On the 27th day of November, 1889, the case was tried by the court without a jury. Among other things, the court specially found:

"That on the said 9th day of February, 1889, the defendants Lorenzo D. Stephenson, William James, Eudora K. James and Albert H. Elliott made and entered into a certain agreement by which Lorenzo D. Stephenson was to convey the legal title to said lands to William James, and take a mortgage on the land, securing said note of $1,650, and William James and Eudora K. James were to convey the land to Albert H. Elliott by a deed containing the following agreement written therein, to wit: 'That said grantors covenant that said lands are free and clear from all incumbrances, except as to all claims, mortgages and interest of whatsoever nature of record this 9th day of February, 1889, which said Albert H. Elliott assumes and agrees to pay;' that Lorenzo D. Stephenson then by deed duly executed and conveyed the legal title to the land to William James and received a mortgage from James and wife to the land and premises, securing the payment of the debt of $1,650 and interest, which mortgage was then duly filed in the office of register of deeds in said county for record therein; that William James and Eudora K. James then made, executed and delivered to Albert H. Elliott a deed, conveying the land and premises, which deed was received by Albert H. Elliott, and by him filed in the office of the register of deeds, a copy of which deed, marked 'Exhibit E,' is attached to the answer and cross petition of Lorenzo D. Stephenson, and, by the mutual mistake of all the parties thereto, the name of Albert H. Elliott was omitted from the agreement written in said deed by which he was to assume and pay the mortgage of Lorenzo D. Stephenson, and said agreement was by said mistake written in said deed as follows: 'That said grantors covenant that said lands are free and clear of all incumbrance, except as to all claims, mortgages and interest of whatsoever nature of record this 9th day of February, 1889, which said ———— assumes and agrees to pay;' that said land was of the value of $4,500, and the incumbrance thereon amounted to $4,356; that Albert H.

Elliott, as a consideration for the land, conveyed property to William James of the value of $500 above the incumbrances thereon. The court further found, that Albert H. Elliott conveyed the land to the defendant the Scott's Hardware, Implement and Lumber Company by deed executed March 19, 1889, a copy of which deed, marked 'Exhibit F,' is attached to the answer and cross petition of Lorenzo D. Stephenson, and that the said defendant the Scott's Hardware, Implement and Lumber Company now holds the legal title to the land, and has received the rents and profits therefrom since March, 1889."

The court rendered judgment in favor of Susan A. Green for $2,580, and in favor of L. D. Stephenson for $1,310 only, but adjudged that Albert H. Elliott was entitled to his costs, and also foreclosed the several mortgages, decreeing the mortgage of Susan A. Green a first lien, and that of L. D. Stephenson a second lien upon the land. Stephenson and William James and wife excepted to the judgment of the court, and subsequently they filed their motion for a new trial. This was overruled. They excepted, and bring the case here.

*I. T. Price*, for plaintiffs in error.

*Rafter & Robinson*, and *Keller & Noble*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: It appears from the findings of fact of the trial court that the deed to the land mortgaged, executed on the 9th of February, 1889, by William James and Eudora K. James, his wife, to Albert H. Elliott, contained the following:

"And said grantors, for themselves, their heirs, executors, or administrators, do hereby covenant, promise, and agree, to and with said party of the second part, that at the delivery of these presents they are lawfully seized, in their own right, of an absolute and indefeasible estate of inheritance, in fee simple, of and in all and singular the above-granted and described premises, with the appurtenances; that the same are free, clear, discharged and unincumbered of and from all former

and other grants, titles, charges, estates, judgments, taxes, assessments, and incumbrances, of what nature or kind soever, except as to all claims, mortgages and interest of whatsoever nature of record this 9th day of February, 1889, which said —————— assumes and agrees to pay, and that they will warrant and forever defend the same unto said party of the second part, his heirs and assigns, against said parties of the first part, their heirs, and all and every person or persons whomsoever, lawfully claiming or to claim the same."

By the mutual mistake of all parties to the deed, the name of Albert H. Elliott was omitted in that part of the deed by which he was to assume and pay "all claims, mortgages and interest of whatsoever nature of record on the 9th day of February, 1889." Where an agreement has been actually entered into, but the contract, deed or other instrument in its written form does not express what was really intended by the parties thereto, equity has jurisdiction to reform the written instrument so as to conform to the intention, agreement and understanding of all the parties. (*Claypoole v. Houston*, 12 Kas. 324.)

Under the pleadings, the evidence, and findings of the trial court, the deed of the 9th of February, 1889, from James and wife to Elliott should have been reformed in accordance with the intention, agreement and understanding of the parties, and, if this had been done, William James and wife would have been relieved from the payment of any deficiency arising upon their mortgage after the proceeds derived from the sale of the mortgaged property had been applied in satisfaction thereof, if the same could have been collected from Elliott. If the deed had been reformed in accordance with the intention, agreement and understanding of all the parties, Susan A. Green and L. D. Stephenson would have been entitled to personal judgments against Elliott, and could have collected from him any deficiency arising upon their mortgages after the sale of the mortgaged premises. (*Burton v. Larkin*, 36 Kas. 246, and cases cited.) In *Holcomb v. Thompson*, 50 Kas. 598, Thompson was relieved of all personal liability because there was no allegation of any

agreement upon his part to assume or pay the mortgage, and in that case the plaintiff did not allege that there was any mistake, mutual or otherwise, in the preparation or execution of the deed which Thompson accepted.

The court erred in its finding that the land conveyed by James to Elliott was, at the date of such conveyance, incumbered to the amount of $4,356. On February 1, 1889, the total incumbrance upon the land was $4,071 only. This included the $2,400 due Susan A. Green upon her mortgage, and $1,671 due to L. D. Stephenson. At this time the interest on Susan A. Green's mortgage seems to have been paid up to March 1, 1889. In addition to assuming the mortgages of record on the 9th day of February, 1889, Elliott, as additional consideration for the purchase of the land, paid James $500. The land purchased by Elliott was of the value of $4,500, as found by the trial court. Some of its witnesses estimated its value at $5,000. If Elliott had paid all of the mortgages as he agreed to do, the land would have cost him $4,571 only. It was worth about that amount. Stephenson was also entitled, upon the findings of fact, to judgment against Elliott for the full amount due upon his mortgage.

Our attention is called to the refusal of the court to appoint a receiver, upon the application of L. D. Stephenson, made on the 25th of October, 1889. At that time there was a showing made to the court that the land was worth $4,800, and that Albert H. Elliott, who had agreed to pay the mortgages, was solvent, and therefore we do not perceive any error on the part of the court in denying the application. But even if the court abused its discretion in refusing to appoint a receiver, the question now is of little practical importance.

The judgment in favor of Albert H. Elliott for costs will be reversed, and the cause remanded, with direction to the district court to render personal judgments against Albert H. Elliott in accordance with the views herein expressed.

All the Justices concurring.