No. 21,386.

MARY MADEY et al., *Appellees*, v. SWIFT & COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Injuries—Result of Accident—Arose Out of Employment*. The evidence showed, among other things, that a workman fell and was hurt while working at a long inclined table, and while standing on a wet inclined platform. *Held*, that, as against a demurrer thereto, the evidence was sufficient to show that the fall was accidental; that it was caused by the condition of the table and platform; and that the accident arose out of the employment.

2. SAME—*Instructions—Construed as a Whole*. Instructions are to be considered and construed as a whole, and, if not erroneous, when so considered and construed they will not be held bad because one of them, taken out of its connection, appears to be erroneous.

3. SAME—*Instructions—Refusal—No Error*. It is not error to refuse instructions which are fairly covered by those given. (*Baugh v. Fist*, 84 Kan. 740, 115 Pac. 551.)

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed November 10, 1917. Affirmed.

*Oliver Q. Claflin*, of Kansas City, and *Russell Field*, of Kansas City, Mo., for the appellant.

*W. C. Rickel*, of Kansas City, *C. W. Prince*, *E. A. Harris*, and *J. E. Westfall*, all of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs recovered judgment under the workmen's compensation act for the death of John Madey. The defendant appeals.

1. The first question presented is that the court erred in overruling the defendant's demurrer to the plaintiff's evidence. The facts shown by that evidence were substantially as follows: The plaintiff, Mary Madey, was John Madey's wife, and the other plaintiffs were his children. John Madey was employed by Swift & Company in a packing house in Kansas City, Kan. The plant was operated under the workmen's compensation act. John Madey, with a number of other employees, worked at a table trimming the viscera of cattle. The table was about waist high, about forty-five feet long, and about two feet higher at one end than it was at the other end. The viscera was moved from the higher to the lower end of the table as each of the workmen did his work. John Madey and the other workmen stood on a platform which was two feet wide and two feet higher than the floor. The platform sloped with the table, and both were wet and slippery. While standing on the platform, working at the table, John Madey fell backward. He was immediately picked up. When picked up, he was unconscious and had a cut in one of his hands, and another cut over one of his eyes. From the place where he fell, he was taken to the office of the company's doctor, and from there he was taken to his home. On Friday morning, he was taken from his home to a hospital, where he remained until the following Sunday, when he died.

The defendant's argument is that the plaintiffs' evidence did not show that John Madey met his death as the result of an injury by accident arising out of his employment. The substance of the plaintiffs' evidence is above set out. That evidence tended to show that Madey's fall was accidental. The facts which the evidence tended to prove bring the case within the statute. The defendant cites a number of decisions, the effect of which is to establish that one person seeking to recover for the death of another, under the workmen's compensation act, must establish that the cause of the death comes within the provision of the act. That principle of law is correct, but the evidence in the present cause tended to prove that John Madey met his death under circumstances contemplated by the workmen's compensation act, and was good as against a demurrer thereto. The demurrer was rightly overruled.

2.  In the instructions, the court used this language:

"3.  That by reason of the death of said John Madey, plaintiffs are entitled to recover from defendant the sum of $1,801.80, as compensation for his death."

The defendant argues that by that instruction the court left the jury nothing to do but bring in a verdict for the plaintiffs. If the language quoted stood alone, the defendant's argument would be good; but that language did not stand alone.  It was given in the following connection, and in the abstract appears in the following manner:

"1.  The plaintiffs allege in their petition in substance, that on or about the 15th day of June, 1916, John Madey, who was supporting and maintaining the plaintiffs, as husband and father, while in the employ of said defendant and while working in the line of his duty fell from a certain bench upon which he was standing and struck his head and body, which, on the 18th day of said month caused his death.

2.  That said John Madey had been in the employ of the defendant for six months just prior to said injuries, and received on an average of $11.55 per week.

3.  That by reason of the death of said John Madey, plaintiffs are entitled to recover from defendant the sum of $1,801.80, as compensation for his death."

This court has many times said that instructions are to be construed as a whole, and, if not erroneous when so construed, no one of them will be held erroneous.  (*Murphy v. Gas & Oil Co.,* 96 Kan. 321, 325, 150 Pac. 581.)  When read in connection with the remainder of the instruction, the language complained of was correct, and merely stated the allegations of the plaintiffs' petition.  It did not state a rule of law.  The manner in which the language was quoted, as printed in the abstract, might mislead one who can not understand the English language, but it ought not to mislead a person of average intelligence, or one who is competent to sit as a juror.

3.  The defendant's evidence tended to show that Madey fell while in an epileptic fit, and that his death was caused by epilepsy.  Under that evidence, the defendant requested a number of instructions concerning the cause of Madey's death. These were refused.  That question was sufficiently covered by the instructions, where the court said:

"6.  The burden of proof is upon the plaintiffs, to prove by a preponderance of the evidence, substantially as alleged in their petition that the deceased, John Madey, came to his death by reason of personal injury,

by accident arising out of and in the course of his employment by the defendant, and if the evidence, bearing upon this issue is evenly balanced or preponderates in favor of the defendant, you will find for the defendant.

"7. If you find from the evidence that said John Madey was caused to fall from the bench, where he was working at the time in question, by reason of an epileptic seizure then your verdict must be for the defendant."

In *Baugh v. Fist*, 84 Kan. 740, 115 Pac. 551, this court said:

"It is not error to refuse instructions which are fairly covered by those given." (Syl. ¶ 3.)

This principle has often been declared by this court, and numerous cases might be cited in support of it.

The judgment is affirmed.