No. 20,970.

ALBERT ZUSPANN and R. B. ZUSPANN, *Appellants*, v. MOSES A. ROY and ELIZABETH E. ROY, *Appellees*.

SYLLABUS BY THE COURT.

1. DEED—*Breach of Warranty against Encumbrances—Mutual Mistake in Deed—Presumptions—Instructions*. In an action for damages caused by a breach of a warranty against encumbrances, contained in a warranty deed, where the defense is that the deed does not express the contract of the parties, that the warranty against encumbrances was inserted in the deed by the mutual mistake of the parties thereto, and that the contract was that the grantee in the deed should assume and pay the encumbrances, it is not error for the court to instruct the jury that the deed is presumed to contain the whole of the contract, but that this presumption may be overcome by evidence which incontrovertibly establishes that a covenant to assume and pay the encumbrances was omitted by mistake, and that the mistake was the mutual mistake of both the parties to the deed.

2. SAME—*Instructions*. In such an action, it is not prejudicial error for the court to fail to instruct the jury that the execution of the deed and the existence of the encumbrances are admitted, where it conclusively appears that neither of these facts was questioned during the trial.

3. SAME—*Deed—Mutual Mistake May be Shown*. A mutual mistake in a deed conveying real property may be shown, although the parties thereto did not, before it was signed, carefully examine it to ascertain whether it expressed their agreement.

4. SAME—*Mutual Mistake Defined*. A mutual mistake in a written contract is one that is made by all the parties thereto.

5. TRIAL—*Instructions Construed as a Whole*. If instructions, where considered together, do not appear to be erroneous, a judgment based thereon will not be reversed.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed January 12, 1918. Affirmed.

*John Hartzler,* of Goodland, for the appellants.

*E. F. Murphy,* of Goodland, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiffs seek to recover judgment for damages caused by the breach of a warranty against encumbrances, and for damages caused by false and fraudulent representations made concerning a well on real property received by the plaintiffs in exchange for other property conveyed by them to the defendants. Judgment was rendered in favor of the defendants, and the plaintiffs appeal.

The petition alleged that the plaintiffs exchanged land in Barry county, Missouri, with the defendants, for real property in Sherman county, Kansas. The petition set out two causes of action. In the first cause of action, the petition alleged that included in the real property in Sherman county were three lots with a house thereon in Goodland; that the defendants, in the deed conveying the Sherman county real property to the plaintiffs, warranted that the premises were free and clear of encumbrances; that the lots in Goodland were encumbered by a mortgage to secure the payment of $500 and interest; that the plaintiffs, to protect their title to the lots, were compelled to purchase the note and mortgage; and that they were damaged in the sum of $558. In the second cause of action, the petition alleged that a certain half section of real property conveyed to the plaintiffs was improved; that—

"The plaintiff, Albert Zuspann, made an examination of such premises in company with defendant, Moses A. Roy; that at such time such defendant represented, pointing to a well and windmill tower on such premises, that if a wheel was placed on such tower, and connection made with the pump that was all that was needed and that the well would furnish ample and sufficient water for all ordinary purposes on such farm;"

that these representations were false; that the plaintiffs believed them to be true and relied on them; and that they were thereby induced to make the exchange of lands.

The material parts of the answer were a general denial and allegations that the real property owned and exchanged by the plaintiffs was encumbered by mortgages; that a part of the real property owned and exchanged by the defendants was likewise encumbered by mortgages; that the lots in Goodland were encumbered by a mortgage for $500; that it had been agreed that each of the parties would assume and pay the encum-

brances on the real property received by him in the exchange; that the deed from the defendants to the plaintiffs did not describe nor mention the mortgages on the Sherman county land; and that—

"By oversight, error, mistake and omission the reservations as to encumbrances on that part of said real property as was at the time encumbered by mortgage were left out of said deed, but that said plaintiffs, their agents and persons acting for them at all times understood that said lands were to be conveyed subject to said encumbrances and all of them."

1. The sixth instruction to the jury was as follows:

"You are further instructed that it is the presumption of law that the deed for the lots hereinbefore referred to contained the agreement of the parties thereto concerning said conveyance and all of the agreement. This presumption may be overcome by the party asserting that the deed does not contain all of the agreement but the burden of proving such is upon the party making such assertion. So in this case the evidence must establish incontrovertibly that the mistake alleged was common to both parties, in other words, that both parties understood the contract as it is alleged it ought to have been expressed and as in fact it was but for the mistake alleged in reducing it to writing and the failure to insert the reservation as to the assumption of the mortgage."

Two complaints are made of this instruction. One is of the first two sentences of the instruction; the other is of the last sentence. The instruction cannot be properly divided. Each part of the instruction is dependent on the other part for its meaning. This court has often said that an instruction, or rather all of the instructions, must be construed as a whole. (*Madey v. Swift & Co.*, 101 Kan. 771, 168 Pac. 1105; *Murphy v. Gas & Oil Co.*, 96 Kan. 321, 325, 150 Pac. 581.)

An opinion in an action very similar to the one now under consideration is found in *Stephenson v. Elliott*, 53 Kan. 550, 36 Pac. 980, where this court said:

"Where the grantee of a deed enters into an agreement with the grantor that he will assume and pay all of the mortgages and incumbrances on the land conveyed at the time of the execution of the deed, but by the mutual mistake of the parties the deed in its written form does not express this contract, equity has jurisdiction to reform the written instrument so as to conform to the intention, agreement and understanding of the parties." (Syl. ¶ 1.)

There was no error in the instruction.

2. One of the instructions requested by the plaintiffs and refused by the court contained the following language:

Zuspann v. Roy.

"The defendants admit the execution of such deed and admit that such lots were so encumbered by such mortgage, but allege that they executed such deed by mistake believing that such deed excepted such incumbrance of five hundred dollars and interest."

The court did not instruct the jury that the execution of the deed was admitted nor that the lots in Goodland were encumbered, but from the abstract it appears that neither of these facts was questioned during the trial; therefore no prejudicial error resulted from the court's not instructing the jury concerning the admission of these facts. The court did instruct the jury concerning the mistake in the deed. There was no error in not giving this instruction as requested.

3. The plaintiffs complain of the refusal of the court to instruct the jury concerning the negligence of the defendants in signing a deed that did not express the contract of the parties. If the defendants had read the deed signed by them and had understood it, they would have known that the plaintiffs did not therein assume nor agree to pay the mortgage on the lots in Goodland. The same thing may be said of every written contract which, by mistake, contains or omits to contain provisions on which the parties have agreed, and which they intend shall be embraced in the contract. In *Stephenson v. Elliott,* supra, the mistake could have been discovered and avoided if the parties had diligently examined the written contract before they signed it.

It was not error for the court to refuse to give these instructions.

4. The plaintiffs contend that "the verdict is contrary to the evidence in regard to the mistake being mutual." The answer to this contention is that the evidence shows that the contract between the plaintiffs and the defendants was contained in letters, which specifically stated that each party was to assume and pay the mortgages on the real estate received by him in the exchange; that by a mistake made by some person connected with the transaction the deed from the defendants to the plaintiffs failed to recite that the plaintiffs assumed and agreed to pay the mortgage on the lots in Goodland; and that the deed should have so recited. Whose was the mistake? It was the mistake of all the parties connected with the preparation of the deed. This contention of the plaintiffs is without merit.

5.  The plaintiffs complain of another instruction given to the jury; that instruction was as follows:

"You are instructed that when one represents that a certain well is a good well or that it will supply plenty of water, without stating the amount, would be a mere expression of opinion on the part of the person making said statement, and would constitute no ground for the allowance of damages in case the same were untrue."

This instruction must be considered with two other instructions that were given.  They were as follows:

"The plaintiff in this case for one of his causes of action claims that the defendant herein made certain representations to him regarding a certain well located upon a portion of the real estate conveyed to plaintiff herein by the defendant herein in the trade or exchange of lands referred to in the testimony.  Before the plaintiff is entitled to recover for any damages for any representations made by the defendants to plaintiff concerning said well, you must find that the defendant knew said representations to be false, or at least he must have made them without reasonable grounds for believing them to be true.  The representations must be of such a character as are likely to deceive the purchaser, or must be made with intent to deceive him.  The representations must be relied on and must be taken as true by the purchaser or one receiving land in exchange to such an extent as that, if they had not been made, he would not have made the purchase or exchange.

"You are further instructed that if you find the plaintiff is entitled to recover upon his second cause of action herein, the measure of damages which he would be entitled to would be the amount that it would take to put the well, in controversy, in the condition that it was represented to the plaintiff to be in by the defendant, if such representations were so made, or in case it could not be so repaired then and in such a case the reasonable cost of drilling and making a new well in the same vicinity of the old well and similar to what the old well was represented to be, if any representations were made concerning the old well, but in any event your verdict on the cause of action cannot exceed the sum of $150."

When these instructions are read together, there does not appear to be any error in any of them.  By these instructions the issue of fraud was submitted to the jury, and the jury, on conflicting evidence, found there was no fraud.

The judgment is affirmed.