# JANUARY TERM, 1891.

## PRESENT:

Hon. ALBERT H. HORTON, Chief Justice.
Hon. DANIEL M. VALENTINE, ⎱ Associate Justices.
Hon. WILLIAM A. JOHNSTON, ⎰

| 45 | 103 |
|----|-----|
| 63 | 34 |

## JULIA CHAMPION v. THE HARTFORD INVESTMENT COMPANY.

1. COUPONS — *Delivery — Title.* The title to interest coupons passes from hand to hand by mere delivery.

2. —————— *Transfer, without Recourse — Assignment, not Payment.* Where the owner of a note, with interest coupons attached, secured by a mortgage upon real estate, which he has purchased from an investment company engaged in making loans in this state and selling them to parties in other states (such note and mortgage being indorsed and transferred to the owner "without recourse"), receives the money on the first coupon falling due from the investment company, but not at the bank or office where the note and interest coupon are payable, with notice that it is the custom of the company to advance the interest on loans sold by it, when the interest falls due, whether the same has been paid by the borrower or not, the transaction is presumptively a transfer or an assignment of the coupon, and not a payment or extinguishment thereof.

3. —————— *Pro Rata Share of Security.* In the absence of an express agreement or controlling equity to the contrary, the assignment of one of a number of coupon interest notes secured by a mortgage carries with it a *pro rata* share of the security.

*Error from Sedgwick District Court.*

THE opinion states the case. February 7, 1890, judgment for plaintiff *Champion,* who brings the case to this court.

*Campbell & Dyer,* for plaintiff in error.

*Moore & Douglass,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action commenced by Julia Champion against James Warrell, Mary A. Warrell, the Hartford Investment Company, and George C. Strong, upon a promissory note for $2,500, dated March 1, 1888, with ten interest coupons for $100 each attached thereto. The notes and coupons were executed by James and Mary Warrell, made payable to the order of George C. Strong, and were secured by a mortgage on certain real estate in Sedgwick county. At the time of the execution of the mortgage, the Warrells executed another promissory note to George C. Strong for the sum of $250, and also executed a second mortgage on the real estate to secure the second note, warranting the real estate free and clear of all incumbrances except the first mortgage of $2,500. The second mortgage stipulated that if any money was paid by the holder of the mortgage to protect himself on any prior lien, the mortgage to be due at once, and the money paid out to bear twelve per cent. interest per annum and to become a part of the debt. The second note and mortgage were transferred by George C. Strong to the Hartford Investment Company. The first coupon was due September 1, 1888, and was for $100. The second coupon was due March 1, 1889, and was for $100. The Hartford Investment Company answered, setting up two causes of action — one on the coupon for $100, due September 1, 1888, with interest thereon, and asking that the coupon be declared a concurrent lien with the first note and mortgage, and that it, the defendant company, be allowed to pro-rate with the holder of the first note.

The second cause of action was upon the second note and mortgage above referred to.

The case was submitted to the court upon the following agreed statement of facts:

"The notes and mortgage involved in this action were executed to George. C. Strong, who was the agent of the Hartford Investment Company, and were by him indorsed and as-

signed to Edward G. Robertson, who was president and financial agent at Hartford, Conn., of the Hartford Investment Company. Robertson sold the notes and mortgage to the plaintiff. The copies of the notes and indorsements thereon, and the mortgages set out in the plaintiff's petition and in the cross-petition of the Hartford Investment Company, are true copies of the originals. The principal note, and the interest notes, or coupons, were all payable at the Charter Oak National Bank, in Hartford, Conn. When the first coupon fell due, the plaintiff presented the same to Edward G. Robertson, at Hartford, and Robertson, acting for the company, paid the plaintiff the amount called for by the coupon, and plaintiff then and there delivered to Robertson the coupon uncanceled. The Hartford Investment Company was engaged in making loans in Kansas through George C. Strong, and selling them to parties in the eastern states, and it was the custom of the company to advance the interest on loans sold by it when such interest fell due, whether the same had been paid by the borrower or not; and this fact was known to the plaintiff at the time she purchased the notes and mortgage. Neither the principal note set out in the plaintiff's petition, nor the coupon set out in the cross-petition of the Hartford Investment Company, has ever been paid by the borrower to the company."

The district court rendered judgment in favor of Julia Champion for the amount of her claim, and for the Hartford Investment Company for the amount of its claim, and also decreed —

"That the mortgage set out in plaintiff's petition is a first lien upon the lands and tenements described to secure the indebtedness of James Warrell and Mary A. Warrell in the petition set forth, and also to secure the payment of the indebtedness of Warrell and Warrell to the Hartford Investment Company upon the coupon set forth in the first cause of action in the cross-petition of the Hartford Investment Company for the amount of $117, and that the investment company is entitled to share *pro rata* in the security of the mortgage for the payment of the sum last mentioned."

Plaintiff excepted to the ruling and judgment of the court, and contends that the Hartford Investment Company is not entitled to pro-rate with her in the security of the mortgage

for the amount of the coupon due September 1, 1888, which was presented by her to Edward G. Robertson, at Hartford, and on which Robertson, acting for the investment company, advanced to her $100, the amount thereof.

We think that the ruling of the district court was correct and, therefore, that the judgment must be affirmed. The cou-

3. Pro rata share of security.

pon was indorsed by the original payee "without recourse." The mortgage was indorsed by both the original payee and Edward G. Robertson "without recourse." The coupon, as well as the note and mortgage, was payable at the Charter Oak National Bank, Hartford, Conn. Neither the Hartford Investment Company nor Edward G. Robertson was legally liable upon the note, the mortgage, or the coupon. When the plaintiff presented the coupon to Edward G. Robertson, who was acting for the investment company, she knew "that it was the custom of the company to advance the interest on loans sold by it when the interest fell due, whether the same had been paid by the borrower or not."

The title to the coupon passed by mere delivery, and the transfer of the coupon from the plaintiff to the investment

1. Coupons—delivery—title.

company was presumptively a transfer of title. The transaction concerning the coupon was therefore a transfer or assignment of it and not a payment. This

2. Transfer, without recourse—assignment, not payment.

is especially true, because the transfer was made by the plaintiff to one who was not her debtor, and to one who was not under any legal obliga-

tion to pay the coupon. It was not the intention of Robertson or the investment company to pay or extinguish the coupon when the money was advanced thereon, and as the plaintiff knew that the company would advance the money whether paid or not by the makers, it cannot reasonably be said that she supposed the maker had furnished the money to pay the coupon, or that the company intended to pay the coupon when the amount thereof was advanced to her. Neither do we think that the Hartford Investment Company is estopped from claiming that the coupon is unpaid. The plaintiff was not misled by any statements or representations of

the company or its agents. The company acted in all matters in good faith. There can be no estoppel in such a case.

If it be urged that the plaintiff believed, when she received the money upon the coupon, that it was a payment and an extinguishment thereof, the sufficient answer is, that she did not present the coupon or receive payment at the bank or place where the note and coupon were payable; that she knew that Robertson, acting for the company, would pay the interest on the presentation of the coupon "whether the makers had paid it or not;" that on presenting it she did not inquire whether the makers had paid it or had furnished any money to pay it; and, finally, that she received the money from one who was not her debtor and from one who was under no legal obligation to pay the coupon. As the plaintiff did not receive the money at the bank where the coupon was payable, if it was of importance or interest for her to ascertain, she should have inquired when presenting her coupon to Robertson whether the makers had paid or had furnished any money to pay the same. If she had so inquired, she would have undoubtedly been informed that no money had been furnished by the makers, but that the company would advance the money upon the coupon. It must also be remembered that the coupon over which this controversy arose is the first coupon falling due upon the note and mortgage, and that the plaintiff had never been paid previously anything upon the mortgage or coupon, through Robertson or the investment company, before her presentation of this coupon. If the plaintiff had received on prior occasions from the makers of the note and mortgage, through Robertson or the investment company, any money upon the note or interest coupons, there might then be some presumption that she believed, when she received the money upon the coupon presented to Robertson, that she was receiving the same from the makers in payment of the coupon; but she had never received any money from the makers of the note and mortgage, as it was the first coupon falling due upon which the money was advanced. The plaintiff cannot rely in this case upon any prior payment, or

anything that had occurred before the presentation of her coupon to Robertson, to strengthen her case. Therefore, in our opinion, the plaintiff had no reasonable ground to believe that Robertson or the investment company intended to pay or extinguish the coupon when he handed over to her the sum called for by it and took the coupon into his possession.

It is difficult to find, in the text-books or reports, any case precisely like this. (See, however, *Ketchum v. Duncan*, 96 U. S. 659, and *Blair v. White*, 17 Atl. Rep. 49.)

We do not think there is anything in the agreed statement of facts, or in the record presented, showing or tending to show that the Hartford Investment Company paid the coupon to protect the second mortgage.

The judgment of the district court will be affirmed.

JOHNSTON, J., concurring.

VALENTINE, J.: I do not concur. The note, coupons and mortgage involved in this controversy were executed by James Warrell and wife to George C. Strong, agent of the Hartford Investment Company, and were by him assigned to Edward G. Robertson, the president and financial agent of such company, who resided and did business for the company at Hartford, Connecticut, and were by him sold and transferred to Julia Champion, the plaintiff in this action. At the time of the sale it was known and understood by the parties that Robertson, for the company, would advance the interest as it fell due, whether the same had been paid by the makers and mortgagors or not; and he did advance to Mrs. Champion the amount of the first coupon which represented interest, when it fell due, and Mrs. Champion delivered the coupon to him uncanceled. Under the provisions of the mortgage, if such coupon had not been paid at the time when it became due, the entire debt and the mortgage would have become due, and Mrs. Champion could at once have commenced her action for the debt and the accrued interest and to foreclose the mortgage. Afterward the second coupon became due and was not paid, and Mrs. Champion then commenced this action.

In my opinion, as between Mrs. Champion and Robertson and the Hartford Investment Company, this advancement of the amount of the aforesaid coupon ought to be considered as a payment, and their lien upon the mortgaged property for the payment of this coupon should be considered as subsequent and inferior to the lien of Mrs. Champion for the payment of her notes, coupons, and mortgage. Evidently Mrs. Champion did not consider that she was selling said coupon to Robertson and the investment company so as to permit it to remain a lien upon the mortgaged property to the injury of her own security, but evidently she considered that such coupon was paid, and as between her and the investment company, I think it ought to be so considered, although as, between the investment company and the parties executing the note, coupons and mortgage, it should be considered as still unpaid and still a lien. It is admitted that the mortgaged property is not sufficient to pay the entire debt; and if this coupon is permitted to be a lien upon the mortgaged property as against Mrs. Champion, she must lose, although she purchased the mortgage with the note and coupons from a company whose business it was to procure and sell mortgages, and purchased the same with the aforesaid understanding, and although the company advanced the amount of the coupon without even an intimation that it was a purchase or a sale of the coupon. In support of the views herein expressed, see the following authorities: *Trust Co. v. M. & P. J. Rld. Co.*, 63 N. Y. 311; *Cameron v. Tome*, 64 Md. 507; same case, 24 Am. & Eng. Rld. Cases, 203; *Commonwealth v. Canal Co.*, 32 Md. 501; *Haven v. Rld. & Depot Co.*, 109 Mass. 88; Jones, Rld. Secur., §§ 329, 330, 331.