Smith v. Kibbe.

---

No. 21,388.

IRWIN G. SMITH, *Appellant*, v. HENRY E. KIBBE, as Executor, etc., et al., *Appellees*.

SYLLABUS BY THE COURT.

1. DESCENTS AND DISTRIBUTIONS—*Debts of Testator—How Paid.* In the absence of a provision to the contrary in a will, the debts of the testator are payable primarily out of the personal estate as the statute prescribes, and if it is insufficient, resort may be had to the realty.

2. SAME—*Debts Secured by Mortgage—How Paid.* Where no other pur-pose is expressed in the will, it is the duty of the executor to pay a debt secured by a mortgage on real estate, the same as unsecured debts are payable, if there are sufficient funds for that purpose in his hands.

3. SAME—*Mortgage Debts—Duty of Executor.* If the executor fails to follow the statutory rule requiring him to pay such debt out of the

personalty, the devisee of the real estate may maintain an action to require him to exonerate the real estate devised, by discharging the mortgage debt out of the personal estate.

4. CONVEYANCE—*Assumption of Mortgage by Grantee—Option of Mortgagor.* Where a grantee in a conveyance of land assumes and agrees to pay a debt secured by a mortgage upon land, and it forms a part of the purchase price of the land, the mortgagee may accept him as a debtor or he may rely alone upon the mortgage to meet the obligation.

5. SAME—*Assumption of Mortgage—Liability of Grantee.* A sale of the land so incumbered, by the grantee to another, in which the other agrees to assume and pay the mortgage debt, makes the latter personally liable for such debt, if his grantor was himself liable for it.

6. SAME. Under the facts stated in the findings herein, it is held that the first grantee was personally liable for the mortgage debt, and the second grantee, who assumed its payment, was likewise liable.

7. SAME—*Effect of Acceptance of Payments from Grantee.* The acceptance of payments of interest and of principal upon the mortgage debt by the owner of the debt is sufficient to constitute an acceptance of the payor as his debtor.

8. SAME—*Assumption of Mortgage—Personal Liability of Grantee.* The fact that the owner did not begin a foreclosure proceeding on the mortgage, nor take other steps to enforce the payment of the mortgage debt by the one who assumed to pay it, does not make the obligation any the less personal.

9. SAME—*Sale of Homestead—Consent of Wife of Grantor.* Under the facts of the case, it is held that the contract for the sale of the land, which was a homestead, is not invalid because of the lack of consent of the wife of the grantor, she having signed a deed in consummation of the contract and both being parts of a single transaction.

10. MORTGAGE—*Securing Testator's Debt—Claim Not Presented to Probate Court—Rights of Mortgagee.* The plaintiff was not barred of his relief for exoneration of the land because of a failure of the holder of a mortgage debt to present it to the probate court as a demand against the estate of the testator within the period of two years, the debt not being barred by any of the limitations prescribed by the code.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed February 8, 1919. Reversed.

*S. C. Bloss, A. M. Jackson,* and *A. L. Noble,* all of Winfield, for the appellant.

*Charles W. Roberts,* of Winfield, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This action was brought to compel the executor of an estate to pay an indebtedness secured by a mortgage upon land of the estate of a deceased person out of the proceeds of the personal estate, and in that way exonerate the land from the lien of the mortgage.

In 1909, Thomas Haney owned a farm on which there was a mortgage of $3,000.   He sold it to Bussart and Collier, and in the contract of purchase it was stipulated that they assumed and would pay the mortgage debt.   In the deed, however, there was no mention made of the assumption, but there was a clause excepting the mortgage from the covenants of warranty.   Prior to the sale, the land had been occupied by Haney and wife as their homestead, and it appears that she did not sign the contract, but she did sign the deed which was executed on the same day as the contract and deposited with it in a bank to await compliance with the conditions of the transfer. Bussart and Collier conveyed the land to Edwin M. Smith, and in the conveyance there was an express stipulation that Smith assumed and agreed to pay the mortgage debt, which was part of the purchase price of the land.   Shortly after the latter conveyance Smith died testate, and in his will was a general direction for the payment of his debts out of his estate.   Aside from a bequest of $100, he gave his wife all of his personal property and a life estate in all of his realty, to his son Irwin G. Smith, the plaintiff, the fee-simple title to his real estate was given, subject to the life estate.   No specific reference to the mortgage on the land or the debt which it secured was made in the will.

The principal question presented here is, from what source should the mortgage debt be paid?   The statute and the will must determine the question.   Considerable is said in the briefs as to the common-law rules relating to the exoneration of the realty of an estate of a deceased person, but as our statute provides for the settlement of estates and the descent and devolution of property, we must look to it and to the will made in pursuance of the statute to determine from what fund the indebtedness should be paid.   It was competent for the

testator to require the payment of the mortgage debt out of a particular fund, or to devise the land subject to the mortgage debt. In this instance the testator did neither. In general terms he directed that his debts should be paid out of his estate, without indicating that any particular fund or property should be used for that purpose. The personal property, which amounted to $4,016, and also the life estate in his land, were given to his wife, without indicating the part which should be devoted to the payment of debts. The fee title as we have seen was given absolutely to his son, without mention of the mortgage debt or of anything indicating an obligation of the devisee to pay the mortgage debt. There being nothing in the will indicating the purpose of the testator that the debts should be paid out of any particular fund, and there being no provision that any class of his property, real or personal, should be exempted from the payment of his debts, the rule of payment prescribed by the statute must be followed. The debts of a testator are primarily payable out of the personal property. (Gen. Stat. 1915, §§ 3853, 4553, 11812.) If the personal property is insufficient to pay all the debts of the deceased, resort to the real estate may be had for that purpose. (Gen. Stat. 1915, § 4598.) This is the exoneration provided by statute where a testator in his will has not required the appropriation of a particular part of his estate to the payment of debts. A debt secured by a mortgage falls within the class of obligations payable from personal property. The note secured constitutes the debt and is the main thing, while the mortgage is a mere incident and is collateral to the note.

It has been said:

"The rule that testator's debts are primarily payable out of his personalty applies not only to his general debts but to such debts as have become liens upon specified property of testator, whether real or personal. Unless the contrary appears in his will these debts are payable primarily out of his personal estate not specifically bequeathed. The omission of mortgagees to present their claims to the executor does not destroy the right of the devisee of mortgaged property to have the debt paid out of the personalty." (Page on Wills, § 765.)

(See, also, *Newcomer v. Wallace and Others,* 30 Ind. 216.)

It follows that all the debts, secured and unsecured, of the testator herein are payable from the personal estate, if it is sufficient for that purpose. The wife and the son each took the

share given her and him, subject to the directions in the will and to the requirements of the statute.

· It is contended, however, that the mortgage debt was not in fact an obligation of the testator; that while he had specifically assumed and agreed to pay it, the promise was not binding, because his grantors, Bussart and Collier, had not agreed and were under no obligations to pay the debt.

In *Bank v. Bales,* 101 Kan. 100, 165 Pac. 843, it was decided that—

"A grantee who, in a deed, assumes and agrees to pay a mortgage on the land conveyed, is not personally liable to the mortgagee unless the grantor in that deed is liable." (syl. ¶ 1.)

Although there may be no liability to a mortgagee in such case, one may arise upon a promise of a grantee to an intervening grantor for the assumption of the mortgage as a condition of the transfer. (*Morlan v. Loch,* 95 Kan. 716, 149 Pac. 431.) It can hardly be said, however, that the grantors of the testator were not liable to the mortgagee for the mortgage debt. Although the assumption of the debt was not expressly mentioned in the deed executed by Haney to them, the written contract executed in pursuance of a verbal agreement contained an express promise to assume and pay the debt. This promise and assumption was just as binding as if it had constituted a provision of the deed. To be valid it was not essential that the agreement be a part of the deed, nor that the promisor should have signed any writing. (*Fisher v. Spillman,* 85 Kan. 552, 118 Pac. 65.) The fact that Bussart had his wife named as a grantee in the deed did not take away the binding effect of the obligation. She left the transaction of the business to her husband and took her interest, whatever it may have been, subject to the agreement which Bussart and Collier made with the grantor, Haney. A valid agreement had been made between Haney and the firm of Bussart and Collier, and while the wife of Bussart, who is named in the deed, was not informed as to the contract of assumption, her agent and husband had full knowledge of that contract, and in pursuance of it the deed was made.

It is argued that there was no acceptance or ratification of the assumption of the mortgage debt by the owner of it, and that the testator could not be regarded as the debtor of the

owner until there was an acceptance by him.  It appears that the owner of the debt recognized the testator as a debtor, inasmuch as he accepted from Smith payments of interest as well as a small payment of the principal.  It was optional with the holder of the debt to accept payment from the testator and the executor of his estate, or to rely on the mortgaged property for payment of the debt.  There was an obligation by the testator to his grantors to pay the debt, and upon an acceptance by the owner of the debt a liability of the testator arose in favor of the owner also.  It then became a personal liability of the testator which the owner could enforce at his option.  There is a finding that the owner of the debt was satisfied with the mortgage security, and has never sought to enforce payment by those who assumed the payment of the debt.  The fact that the owner did not try to enforce payment against one who assumed to pay the debt which constituted a part of the purchase price of the land, does not make the obligation of the latter any the less personal.  It has been said:

. "But it is clear that an actual dealing with the mortgagee is not essential to render the debt personal to the purchaser, for the same effect will be produced if the transaction between the vendor and vendee is such as to show that the purchase was inclusive of the mortgagee's interest in the land, not of the equity of redemption only, the mortgage debt forming part of the price of the estate." (2 Jarman on Wills, 6th ed., p. 586.)

There is a further contention that the contract of assumption is not binding, because the farm was the homestead of the Haneys, that the consent of the wife to the contract was lacking, and that this circumstance caused a break in the chain of liability.  This contention cannot be upheld.  The title to the land was in Haney.  His wife did not, it is true, sign the contract of sale in which there was an assumption of the debt, but it cannot be said that there was a lack of her consent. The contract and the deed, which she did sign, were executed on the same day, were parts of a single transaction, and both were deposited together in a bank until final adjustment was made between the grantors and the grantees and the transaction between them was completed.  The signing of the deed and the other steps taken in the consummation of the contract evidenced a consent by her as convincing as if she had signed both papers.

Smith v. Kibbe.

Another objection urged against the claim of personal liability of the estate to pay the debt is that it was not presented to the probate court within the period prescribed by the nonclaim limitation. (Gen. Stat. 1915, § 4565.) The failure of the plaintiff to present such a claim is no bar to the bringing of this equitable proceeding. In speaking of the failure of a mortgagee to present his mortgage debt as a demand against an estate, it was said:

"It is generally held that claims purely equitable in their nature require no presentation or approval." (*Andrews v. Morse*, 51 Kan. 30, 33, 32 Pac. 640.)

He had no claim against the estate to present. The owner of the mortgage had a right to look to the personal obligation of the testator to pay the mortgage debt. The liability of the testator and of the estate was a continuing one, which could be enforced at any time before the mortgage debt became barred under the ordinary limitations prescribed by the code. The debt in question was still alive and enforceable by the owner, and, not having run as against him, it cannot be held to have run against this equitable proceeding to exonerate the land from the payment of the debts of the estate until the personal property has been exhausted.

On the findings of the court, it must be held that the plaintiff was entitled to the relief sought and, therefore, the judgment is reversed and the cause remanded with directions to enter judgment in favor of plaintiff in accordance with the prayer of his petition.