No. 25,145.

FRED R. NUZMAN, *Appellee*, v. F. S. BENNETT et al., *Appellants*.

SYLLABUS BY THE COURT.

1. MORTGAGE NOTE—*Detached Coupons—Coupons Enforced in Transitory Action.* In the absence of forbidding contract or statute, the holder of overdue and unpaid interest coupons detached from a promissory note secured by mortgage, may enforce the coupons against the maker by transitory common law action.

2. SAME—*Assumption of Note and Coupons by Vendee—Not a Necessary Party.* In such an action a vendee of the mortgaged premises, who assumed and agreed to pay the note and coupons, is not a necessary party.

3. SAME—*Possession of Detached Coupons Prima Facie Evidence of Title in Holder.* In such an action possession of the coupons, in form promissory notes payable to order, is *prima facie* evidence of title in the holder, as against the maker, whether the coupons be indorsed by the payee, or not, and notwithstanding an assignment of the mortgage to one not the holder of the coupons, appears of record.

4. SAME—*Effect of Assumption of Mortgagor's Indebtedness by Vendee.* Assumption of the mortgagor's indebtedness by his vendee could not change the mortgagor's relation to the mortgagee and his privies, from principal to surety, unless they elected to accept the vendee as principal debtor.

Appeal from Allen district court; ROBERT E. CULLISON, judge. Opinion filed April 5, 1924. Affirmed.

Charles H. Apt, and Frederick G. Apt, both of Iola, for the appellants.

Oscar Foust, John W. Brown, and Kenneth H. Foust, all of Iola, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on interest coupons detached from promissory notes secured by mortgage. The court directed a verdict for plaintiff and defendants appeal.

Defendants executed and delivered the notes, coupons and mortgages to Pettyjohn & Co., and afterwards sold the land to a purchaser, who assumed and agreed to pay the indebtedness. Pettyjohn & Co. assigned the mortgages by instruments which were duly recorded. Pettyjohn & Co. failed. Their business had been the making of real-estate loans. Finding many interest coupons among the bankrupt's assets, the trustee in bankruptcy sold them in bundles. The plaintiff bought a bundle containing the coupons sued

on. They were payable to the order of Pettyjohn & Co. and the trustee indorsed them without recourse. Payment of the coupons was not pleaded.

Defendants say plaintiff did not prove he is owner of the coupons. Plaintiff testified he purchased them from the payee's trustee in bankruptcy for a valuable consideration, paid to the trustee. The trustee indorsed them in blank by commercial indorsement, regular in form. Title passed by delivery (*Champion v. Investment Co.,* 45 Kan. 103, 106, 25 Pac. 590), and plaintiff, having possession of the instruments, introduced them in evidence. The trustee's indorsement reads as follows: "Without recourse, John W. Breyfogle, Trustee in Bankruptcy for J. L. Pettyjohn & Co., and C. F. Pettyjohn." Beneath the indorsement appeared the words "Pay to the order of J. L. Pettyjohn & Co." The defendants say these words show an indorsement of the coupons by the trustee to the estate he was administering, which is absurd. The trustee's indorsement was complete in itself, the words were no part of it, were not followed by anybody's signature, and were without legal effect. Besides that, the plaintiff needed no indorsement to invest him with title. He was not claiming as a holder in due course and, as against the makers, and as against every one else except a claimant of ownership under title indicated by the paper itself, the plaintiff's possession was *prima facie* evidence of title. (*Reynolds v. Bank,* 104 Kan. 215, 219, 178 Pac. 605.)

The defendants say the coupons, the notes to which they were once attached, and the mortgages securing the notes and coupons were all given as parts of one transaction and the argument seems to be that an action on the coupons alone could not be maintained. The coupons were evidence of indebtedness in the form of promissory notes and were capable of passing from hand to hand as ordinary commercial paper. Attachment to and detachment from the notes was of no legal consequence upon the expressed obligation, and the authorities are unanimous that in the absence of forbidding contract or statute, neither of which appears here, the holder of such paper may enforce it by transitory common law action. While the coupons were secured by mortgage, the plaintiff was no more obliged to resort to the security than the original payees, who, had they kept the notes and the coupons, could have brought personal actions upon unpaid coupons as fast as they became in default.

The defendants say their vendee, by his contract of assumption,

became principal debtor, the defendants became sureties only, and the vendee was a necessary party to the action. Granting that the vendee became principal and the defendants became sureties, by operation of law upon the contract of assumption, the plaintiff could sue the surety alone and was not obliged to bring in the principal debtor. (*Kirkpatrick v. Gray,* 43 Kan. 434, 23 Pac. 633.) In this state, however, a contract of assumption of the kind under consideration affects nobody but the parties to it, unless the mortgagee elects to take advantage of the contract and accepts the grantee as principal debtor. All the decisions of this court upon the subject recognize that the contract of assumption cannot change the relation of the mortgagee to the mortgagor without the mortgagor's consent. (*Mulvane v. Sedgley,* 63 Kan. 105, 64 Pac. 1038; *Bank v. Livermore,* 90 Kan. 395, 402, 133 Pac. 734; *Smith v. Kibbe,* 104 Kan. 159, 178 Pac. 427.) In the Mulvane case, the court said:

"Whether this relation of principal and surety extends to and is binding upon the mortgagee depends upon the answer to the question, Did the mortgagee consent to and accept this relation as binding upon her? If not, clearly she may disregard the relation and recover upon the notes as against the makers." (p. 111.)

Assuming that the defendants became sureties, there was no evidence of anything which would discharge them. There was some delay in suing upon the coupons, but it is elementary that mere delay, without a contract definitely extending time of payment, is not enough to discharge sureties, and there was no evidence of such contract.

The judgment of the district court is affirmed.