No. 25,530.

G. F. CARSON, Trustee, *Appellee*, v. (J. E. LAWSON, E. S. WINTER-
MUTE, as Administrator, et al., *Appellee*) and F. R. NUZMAN,
*Appellant*.

SYLLABUS BY THE COURT.

COUPON NOTES AND MORTGAGE—*Coupon Detached—Coupon Paid by Payee—
Payee Became Bankrupt—Coupon Sold at Bankrupt Sale—Purchaser Not
Entitled to Ratable Priorities with Owner of Mortgage.* Where coupon notes
and mortgage were negotiated by the payee and payment guaranteed to the
purchaser, and where, upon maturity of certain of the coupons, they were
sent by the purchaser to the payee and were paid by him but were not
paid by the maker, and where the payee afterwards became a bankrupt
and the coupons were sold at bankrupt sale after maturity and after an
action had been filed to foreclose the mortgage, and where the property
covered by the mortgage was sold at sheriff's sale for an amount sufficient
to pay the mortgage only, *held,* that the purchaser of the coupons at the
bankrupt sale was not entitled to ratable priority with the owner of the
mortgage.

Appeal from Franklin district court; HUGH MEANS, judge. Opinion filed
January 10, 1925. Affirmed.

*Silas Porter,* and *Thomas Amory Lee,* both of Topeka, for the appellant.

*S. D. Scott,* of Olathe, and *W. B. Pleasant,* of Ottawa, for appellee G. F.
Carson.

The opinion of the court was delivered by

HOPKINS, J.: This controversy involves the question whether de-
tached interest coupons of notes secured by a mortgage, which cou-
pons have been paid by the payee and guarantor but not by the
maker, constitute a lien on the mortgaged property ratably with
the mortgage. The trial court held they did not. Their owner,
Nuzman, appeals.

 · The facts are, substantially, that James E. Lawson and wife
executed and delivered to J. L. Pettyjohn & Co. their notes and

mortgage, dated July 1, 1918, for $20,000, due in ten years. The interest on the notes was evidenced by ten coupons attached to each note, payable annually. Another note and mortgage for the sum of $8,000 was executed at the same time by the Lawsons to Pettyjohn & Co. The mortgages covered 120 acres of land in Franklin county. The $20,000 notes and mortgage were assigned by Pettyjohn & Co. to the plaintiff Carson. The second notes of $8,000 were assigned to Mary Smith, represented in this action by Wintermute, administrator. The $8,000 mortgage was filed for record about eight months after the $20,000 mortgage. The payment of the principal notes and interest coupons was guaranteed by J. L. Pettyjohn & Co. At their maturity they were forwarded by Carson to Pettyjohn & Co. for collection. Pettyjohn & Co. paid them but did not collect from the makers. They were found among the assets of Pettyjohn & Co. after they went into bankruptcy, and were sold by the trustee in bankruptcy at public auction to the defendant Nuzman. Nuzman purchased them after this action had been filed. He intervened, asserting his right to equal priority with the lien of the Carson mortgage. On the trial the plaintiff Carson was allowed a first lien, Wintermute a second lien, and Nuzman a third lien. In due process the property was sold at sheriff's sale for approximately enough to pay only the Carson mortgage.

In support of his contention the defendant Nuzman cities *Champion v. Investment Co.,* 45 Kan. 103, 25 Pac. 590. The facts in that case are very different from those here. There, the note and mortgage were indorsed and transferred without recourse; here, the notes and coupons were guaranteed by the payee to the purchaser, and at maturity were paid by the payee to the purchaser. There, the coupons were not paid at the place designated; here, the coupons were paid at the place named. There, the coupon was not paid by the payee, but by a third party; here, they were paid by the payee. There, the payee was not in any way liable on the note, mortgage or coupon; here, the payee was legally liable. There, the owner of the note and coupon knew that the coupon was not paid by the makers of the note and coupon, but by a third party, and at a place other than that named as the place of payment; here, the owner of the notes and coupons did not know the coupons were not paid by the makers, but presumed they were. There, the owner of the coupon knew it was paid by one not legally liable thereon; here, the owner had no such knowledge. The Lawsons,

who had executed the notes and coupons, were supposed to pay them when due, and when Carson sent them for collection to Pettyjohn & Co., at whose office they were payable, and, in due course, received payment therefor, he had no reason to believe that the Lawsons had not paid them. As between Carson, the purchaser, and Pettyjohn & Co., the payee and guarantor, when Carson had transmitted the coupons to Pettyjohn & Co. and had received payment therefor, the coupons were paid.

The appellant also cites *City of Atchison v. Butcher,* 3 Kan. 104; *Richardson v. McKim,* 20 Kan. 346; *Watkins v. Williams,* 63 Kan. 30, 64 Pac. 976; *Nuzman v. Bennett,* 115 Kan. 766, 227 Pac. 900; *Miller et al. v. R. & W. R. R. Co.,* 40 Vt. 399; *Wing v. Insurance Co.,* 181 Mo. App. 381; *Whitney v. Low,* 59 Neb. 87, and others. These authorities are not applicable in the instant case.

No particular equities appear in favor of Nuzman who purchased the coupons at bankrupt sale after their maturity, and after the plaintiff Carson had filed his action to foreclose the mortgage. He took no greater rights than Pettyjohn & Co. had. As Pettyjohn & Co. could not have had priority of lien with the plaintiff Carson, neither is Nuzman in position to assert such priority right. The record presents no error. The judgment is affirmed.