No. 28,990.

IRA N. TICE, *Plaintiff,* v. W. R. MAHIN et al., *Appellees;* THE FIRST LOAN COMPANY, *Appellant.*

(283 Pac. 491.)

Opinion filed January 11, 1930.

*Frank A. Lutz* and *A. E. Jordan,* both of Beloit, for the appellant.
*A. Teeple* and *George E. Teeple,* both of Mankato, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: In this case the First Loan Company has appealed from an order of the court overruling its motion to quash the summons and service thereof, and also from an order overruling a demurrer based on the ground that the court had no jurisdiction of the

person of the defendant. The question presented, both on the motion and the demurrer, is one of venue.

To understand the specific question presented and how it arises a more detailed statement is necessary. W. R. Mahin, a resident of Jewell county, owned a tract of land in Mitchell county which was encumbered by a mortgage. In August, 1923, W. R. Mahin and Nora Mahin, his wife, executed a promissory note to the State Bank of Scottsville for $3,234 and secured the same by a second mortgage on the Mitchell county land, and by a chattel mortgage on certain personal property owned by them. On March 17, 1925, W. R. Mahin and wife, for a stated consideration of $100, executed to the First Loan Company, of Beloit, a deed for the Mitchell county land above mentioned and warranted the same to be free and clear of all encumbrances "except a mortgage of $5,000 to the First National Bank of Beloit, Kan., and a second mortgage to the State Bank of Scottsville, Kan., and taxes due." The State Bank of Scottsville sold to Ira N. Tice the note which had been executed to it by the Mahins. In March, 1928, Tice brought a suit in the district court of Jewell county against W. R. Mahin, and Nora Mahin, his wife, for the balance due on this note, and summons was duly issued and served on them. The petition in that case did not name the First Loan Company of Beloit as a party defendant, nor did it seek to foreclose, nor did it in any way mention, the second mortgage given by the Mahins on the Mitchell county land to the State Bank of Scottsville to secure the payment of the note. After being served with summons in the action brought by Tice in Jewell county W. R. and Nora Mahin filed a motion in the case in which it was stated that they—

". . . give the court to know and be informed that the debt sued upon in the above-entitled cause has been assumed by a contract in writing, dated March 17, 1925, by the First Loan Company of Beloit, Kan., a corporation, and that for a full and complete determination of the issues and in order to prevent a circuity of action it is necessary and proper that the said the First Loan Company of Beloit, Kan., be made a party defendant,"

and moved the court that the First Loan Company be made a party defendant.

On June 26, 1928, this motion was sustained, and on the same day W. R. Mahin and Nora Mahin filed their answer to plaintiff's petition, in which they admitted "that the allegations and averments in the petition of the plaintiff are true." On the same date they filed

their cross petition "against their codefendant, the First Loan Company," in which they alleged that on August 27, 1923, they gave to the State Bank of Scottsville the note sued on in the action, on which certain payments had since been made, and that to secure the note they had given to the State Bank of Scottsville a certain chattel mortgage, and also a real-estate mortgage on the Mitchell county land; that on or about March 17, 1925, they executed and delivered to the First Loan Company their warranty deed for the Mitchell county land, a copy of which was attached to the cross petition; that before and at the time of signing the deed it was represented to them that the First Loan Company would assume and pay all indebtedness secured by liens against the land, and further represented that the words of exception contained in the deed made the First Loan Company liable for the payment of all debts secured by liens on the land; that they thought and understood that the words contained in the deed made the First Loan Company so liable; that either by mistake of the parties to the deed, or by mistake of the cross petitioners and the fraud of the First Loan Company, words creating such liability were omitted from the deed. The prayer of the cross petition was that the deed be reformed by reading into it the words "which party of the second part assumes and agrees to pay" after the exception clause, and that the First Loan Company be made to answer and respond to the plaintiff, Ira N. Tice, for all indebtedness recoverable in the action. On June 29, 1928, W. R. and Nora Mahin, by their attorneys, filed in the pending case in Jewell county a præcipe for summons to be issued to the "defendant, the First Loan Company, a corporation, of Beloit, Kan.," and asked that it be directed to the sheriff of Mitchell county. Pursuant to this præcipe the clerk of the court issued the summons, which stated that the First Loan Company "must answer the petition by the plaintiff, Ira N. Tice, on or before the 31st day of July, 1928." This was directed to the sheriff of Mitchell county and by him served on the First Loan Company at Beloit. On July 9, 1928, Ira N. Tice, the plaintiff in the action in Jewell county, took judgment in accordance with the prayer of his petition for the sum of $4,720.96. On July 13, 1928, the First Loan Company filed a special appearance and motion to quash the summons which had been served upon it for the reason that it appeared on the face of the summons and the indorsements thereon, and upon the face of the cross petition of the Mahins, that the court had no jurisdiction of the person of the

defendant, and that the same was improperly brought in Jewell county. On February 2, 1929, this motion was considered by the court and overruled. On February 18, 1929, the First Loan Company, expressly reserving its objections previously made, filed a demurrer on the ground that it appeared on the face of the cross petition that the court had no jurisdiction of the person of the First Loan Company. This demurrer was overruled, and the First Loan Company has appealed from both adverse rulings.

It will be noted that the plaintiff Tice, in the Jewell county case, never at any time claimed anything against the First Loan Company. If the First Loan Company did, in writing or by parol, agree to assume and pay the debt represented by the mortgages against the Mitchell county land, that fact, so far as this record discloses, never was known to Tice nor to the State Bank of Scottsville, the payee of the note in question, and never was adopted or assented to by either of them. The act of Tice in bringing suit upon the note without any reference to the mortgage on the Mitchell county land, or any agreement on the part of the First Loan Company to assume and agree to pay the debt, if such an agreement were made, is a repudiation of that agreement so far as he is concerned, if he knew it. It is clear that the alleged agreement between the Mahins and the First Loan Company by which the latter was to assume and agree to pay the mortgage debt is something distinct from the liability of the Mahins to Tice on the note, as disclosed by the petition filed by Tice and the answer of the Mahins thereto. It is clear, also, that the cause of action attempted to be alleged in the cross petition filed by the Mahins is a controversy between them and the First Loan Company, in which Tice claims no interest. The summons directed to the sheriff of Mitchell county to be served upon the First Loan Company was issued upon the præcipe of the Mahins and not upon the præcipe of Tice. Tice even took judgment against the Mahins on the cause of action set forth in his petition after the Mahins' cross petition had been filed and before it was time for the First Loan Company to answer under the summons which had been served on it. At the time the First Loan Company filed its special appearance and motion to quash there was in fact no suit pending as between Tice and the Mahins in Jewell county, for the case which had previously pended there had proceeded to final judgment.

It is appellant's contention that since Tice is not interested in any

liability which the Mahins contend exists against the First Loan Company that it is entitled to be sued in the county where it resides and can be served with process. This contention must be sustained.

As between the Mahins and the First Loan Company, the cross petition of the Mahins attempts to set up a cause of action upon the alleged contract to assume and pay the debt secured by the mortgage. Such an action, with nothing else involved in it, is an ordinary action on contract which must be brought in the county in which the defendant, or some one of the defendants, resides, or may be summoned. (R. S. 60-509.)

Appellees see the force of this statute and argue that for the purpose of determining the rights of the Mahins "the First Loan Company and Ira N. Tice stand in the position of defendants," and that being joint defendants, and Tice already being in court in the Jewel county action, it is proper to serve the other defendant by sending summons to another county. This argument lacks merit for the reason that a contract for the assumption of a mortgage debt affects no one but the parties to it unless and until the mortgagee elects to take advantage of the contract and to accept the grantee in the deed as his principal debtor. (*Mulvane v. Sedgley,* 63 Kan. 105, 64 Pac. 1038; *Bank v. Livermore,* 90 Kan. 395, 401, 133 Pac. 734; *Smith v. Kibbe,* 104 Kan. 159, 178 Pac. 427; *Nuzman v. Bennett,* 115 Kan. 766, 768, 224 Pac. 900.) Here neither the State Bank of Scottsville nor Tice ever elected to take advantage of the contract, if one existed. Tice brought the suit upon the note. He did not sue the First Loan Company on the alleged contract of assumption, and has not at any time claimed any rights thereunder, or referred to it in any way. More than that, the cross petition of the Mahins seeks no relief against Tice. There is no reason to say that he is a defendant in that cross petition. The cross petition pleads an agreement on the part of the First Loan Company to assume and agree to pay the debt, and attempts to plead mistake or fraud which would justify a reformation of the deed, and asks that the deed be reformed and that the First Loan Company be compelled to pay the debt.

There is really nothing else in this case. The judgment of the court below is reversed with directions to sustain the motion to quash the summons and the demurrer.

JOCHEMS, J., not participating.