# Franklin Borough Auditors' Report

*Roman C. Widmann* and *Harry Doerr*, for exceptants; *Francis Dunn*, contra.

GREER, J.; August 15, 1932.—The exceptions go to the refusal on the part of the borough auditors to allow John Grahek, the borough treasurer, the sum of $394.90, representing 2 percent of $19,745 paid out by him upon coupons taken from bonds formerly issued by the borough. Section 1106 of The General Borough Act of May 4, 1927, P. L. 519, relating to a borough treasurer's compensation, is as follows:

"The borough treasurer shall receive such compensation as the council shall prescribe, not exceeding however two per centum of the amount of funds paid out by him upon borough orders or warrants: Provided, That no compensation or commission shall be allowed to any borough treasurer on account of any balance in his hands paid over to his successor, or on account of the repayment of any loan or redemption of bonds, or on account of any transfer from or to the sinking or other fund, or to or from any other fund, whether upon order or warrant or otherwise."

Shall this act be interpreted to mean that payment of coupons attached to bonds as they become due shall be made by the treasurer upon warrants duly drawn without receiving compensation? We answer in the negative, and are of the opinion that the terms of the act do not include coupons which are paid from time to time on bonds for funded indebtedness. From the testimony we find a resolution of the borough council that the treasurer pay into the sinking fund out of the moneys received by taxation for the year in question (1931) the sum of $44,563 to repay principal (in part) and interest on the bonded indebtedness of the borough; that an order was drawn on the treasurer for this amount and that the treasurer deposited in the depository of the borough, the United States Savings & Trust Company of Conemaugh, the aforesaid sum; that as the interest on the various bonds came due coupons were received by the bank and honored by payment by it and thereafter the treasurer submitted to the bank his book in which were entered the name of the particular bondholder and the amount of interest by coupon so received, and thereupon the treasurer signed an acknowledgment of payment by the bank of these various items.

The duties of the borough treasurer are defined by ordinance and conform to the requirements of the act of assembly relating to that office. Grahek was made treasurer on January 6, 1930. By ordinance dated November 18, 1929, the compensation of the borough treasurer was fixed at 1 percent, and on January 15, 1930, an ordinance was passed finally fixing such compensation at 2 percent, which ordinance was later on duly advertised and recorded.

In calculating the compensation due the borough treasurer for the year 1931, the borough auditors disallowed him a commission on the interest coupons paid in the aforesaid amount under the belief that no compensation should be allowed

under the act of assembly above mentioned, to which action exceptions were filed by Grahek, the treasurer.

In Duryea Borough School District's Audit, 1 D. & C. 688, 689, a commission was allowed the treasurer on both bonds and interest thereon, to which exceptions were filed. In the course of its opinion the court said:

"On July 21, 1919, the legislature passed on act amending section 329 of the School Code, so that thereafter the treasurer should not be entitled to commissions on the repayment of any loan or redemption of bonds, whether upon order or otherwise. The fact that this amendatory legislation was deemed proper or necessary justifies the conclusion that except for it commissions were allowed for payment of bonds." ·

Reference was also made to the ruling by the Pennsylvania Department of Public Instruction, found on page 73 (a) of Campbell's School Digest, indicating that the principle of law is that the treasurer shall receive compensation for expending the borrowed money, and if he were to be paid for repaying the loan, he would to that extent be receiving double compensation.

That the interest represented by the coupons is not part of the bonds themselves in the sense that it is part of the indebtedness of the borough is seen in the fact that when borough indebtedness is calculated with reference to its borrowing power and capacity, interest is not included as part of such indebtedness. Repayment of bonded indebtedness is, therefore, a distinct matter and relates to the principal only, and not to the interest, the latter coming due statedly, usually every 6 months, and being paid out of the fund for which the borough treasurer is responsible and which requires at his hands an accounting to each bondholder as in the case of any warrant in favor of a creditor of the borough. In other words, the borough treasurer has distinct and positive duties to perform, certain bookkeeping in connection therewith, in order to have his accounts intelligible and obtain credit at the hands of the auditors for moneys so expended.

Moreover, interest coupons detached from negotiable notes and endorsed in blank are capable of passing from hand to hand as ordinary commercial paper, and may be the basis of an action of the holder against the maker: Nuzman v. Bennett et al., 115 Kans. 766.

Interest coupons bear interest after default, since they themselves possess qualities of negotiability, although interest usually does not bear interest: Hamilton v. Wheeling Public Service Co. et al., 88 W. Va. 573; also L. R. Grinnell "Status of Funds Deposited for Payment of Interest on Bonds," 19 Ill. L. Review 429; Brannan's Negotiable Instrument Law (4th ed.) 10.

It has been argued by the borough solicitor that the compensation of the borough treasurer could not be changed while in office, citing article III, section 13, of the Constitution of Pennsylvania, which provides that no law shall extend the term of any public officer or increase or diminish his salary or emoluments after his election or appointment would be valid. It appears, however, that a municipal ordinance is not such a law as is contemplated under said article: Baldwin v. City of Philadelphia, 99 Pa. 164.

Inasmuch as, therefore, in the absence of a statute, commission would be allowed on both bonds and coupons, and by its terms the statute excepts bonds only and is silent as to the coupons attached thereto, the exceptions are sustained and commission allowed on the sums handled by the treasurer in payment of coupons, and it is further decreed that the Borough of Franklin pay to its former treasurer, John Grahek, the amount of commissions due him, to wit, the sum of $394.90, this 15th day of August, 1932.

From Henry W. Storey, Jr., Johnstown, Pa.