GEORGE HAMPE v. ANNA M. HIGGINS.

No. 14,693. (85 Pac. 1019.)

SYLLABUS BY THE COURT.

WRITTEN CONTRACT—*Sale of Real Estate—Superseded by Subsequent Deed.* A written contract for the sale of real estate is superseded and extinguished by a subsequent deed of conveyance between the same parties which covers in its provisions all of the stipulations contained in the contract.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed July 6, 1906. Affirmed.

*W. R. Hazen,* for plaintiff in error.

*Ferry & Doran,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This action was begun by plaintiff in error to recover damages for the breach of a contract for the sale of real estate. The defendant claims that the contract is merged in a subsequent conveyance of the land. Whether or not the contract of sale is still an independent and subsisting instrument is the only question presented. The contract sued on reads:

"March 12, 1903. This is to certify that Hiram Higgins and Annie M. Higgins, his wife, have sold to George Hampe, for the consideration of five thousand eight hundred dollars, all that part of southeast quarter section eleven (11), township twelve (12) south, of range fifteen (15) east of the sixth principal meridian, lying south of Shunganunga creek to the center of said creek, containing ninety (90) acres more or less, for which they have received fifty (50) dollars in cash on purchase-price, fifty-seven hundred and fifty to be paid April 1, 1903, or as soon as title and deed are made; if this lacks ninety acres the above-named people agree to make it to ninety (90) acres.

ANNA M. HIGGINS.
HIRAM HIGGINS.
GEORGE HAMPE."

The course of the creek, which formed the northern

Hampe v. Higgins.

boundary of the land, was so meandering as to make it quite difficult to determine the exact number of acres in the tract. Before April 1, 1903, when the deal was to be closed, a defect in the title was discovered and the intending grantors were unable to convey a clear title. The plaintiff went into possession of the land, and the defendant and her husband proceeded with the lawsuit in which their title was involved, which terminated against them. By the judgment in that suit it was determined that other parties had an interest in the land. In the meantime the husband of defendant died.

Afterward the plaintiff tendered the whole amount of the unpaid purchase-price, and demanded a warranty deed, which the defendant offered to give. It was refused, however, on account of the imperfect condition of the title. Subsequently the plaintiff commenced a suit for specific performance, which was pending when the deed was executed. The defendant bought in the outstanding interests, and on August 29, 1903, after considerable controversy, and consultation with attorneys, the matters were adjusted by the execution on the part of the defendant of a deed of special warranty and by the payment of the full amount of unpaid purchase-money by the purchaser. The clause in the deed involved in this controversy reads:

"Witnesseth: That said party of the first part, in consideration of the sum of fifty-eight hundred dollars, the receipt whereof is hereby acknowledged, does by these presents grant, bargain, sell and convey unto the party of the second part, his heirs and assigns, forever, all of her right, title and interest in and to the following-described real estate lying and situated in the county of Shawnee and state of Kansas, to wit: All that part of the southeast quarter of section numbered eleven (11), township numbered twelve (12) south, of range number (15) east of the sixth principal meridian, lying south of the Shunganunga creek, to the center of said creek, containing ninety (90) acres more or less."

After the delivery of the deed the plaintiff had the land surveyed and ascertained thereby that there was only 81.51 acres in the tract, instead of 90, as had been supposed. He then brought this action to recover the value of the difference. On the trial the district court instructed the jury as follows:

"You are instructed the plaintiff cannot recover in this action for any alleged deficiency of the land under the contract of March 12, 1903, as the same merged in the deed of August 29, 1903, and plaintiff must recover, if at all, upon the provisions of said deed concerning the quantity of land conveyed and paid for by the plaintiff, and as said deed described said land as containing ninety acres, more or less, plaintiff cannot recover at all in this action for any alleged deficiency in the quantity of land conveyed."

This instruction was equivalent to a direction to find for the defendant, and it is assigned as error. The general rule that written contracts are presumed to take the place of all prior agreements covering the same subject is conceded by the plaintiff, but he insists that this case is an exception to that rule, for the reason that it relates to the consideration of the conveyance, which is always open to inquiry, and also because it is a collateral agreement in no way inconsistent with the terms of the deed. The defendant urges that the circumstances under which the deed was executed show that the parties intended it to be the end of all controversy and to extinguish all prior agreements.

In our view the evidence furnished by the face of the two instruments and also the extrinsic circumstances shown indicate that the parties intended the deed as a complete settlement of all further controversy concerning the sale and conveyance of the land. The transaction was initiated by the contract of sale and closed with the deed. It is apparent from the contract that the parties intended, when it was executed, that all preliminary questions should be adjusted by April 1, 1903, and then the conveyance would be con-

Hampe v. Higgins.

summated with a deed. They were unable to adjust these preliminary questions by April 1, as anticipated, and did not do so until August 29, 1903, when the deed was executed and delivered, and all of the remaining purchase-money paid. It will be seen from an inspection of the two instruments that the amount of land to be conveyed and the purchase-price thereof, so carefully guarded in the contract of sale, were not overlooked in the deed, but are fully covered by its terms, clearly indicating that nothing was left for future consideration.

The extrinsic circumstances show that when it was discovered that the intending grantors did not own the complete title to the land the plaintiff became alarmed, demanded a deed at once, tendered the whole amount of the purchase-price, and was apparently willing to pay that sum for a good conveyance to the land described in the contract; and he began a suit to compel specific performance of the contract of sale. Conditions arose not contemplated by the parties when the contract of sale was executed—conditions which furnished ample reasons for new and different stipulations. The fact that lawyers were consulted who managed the negotiations which led up to the deed; that a special instead of a general warranty deed was finally accepted; that no mention was made in the deed or other written instrument concerning the subsequent ascertainment of the exact number of acres conveyed, and the adjustment of the purchase-price accordingly, and that the exact number of acres was stated in the deed, thereby indicating that the purchaser took the land as it was, more or less, and paid the full consideration when the deed was delivered, shows that the parties then understood that the transaction was closed.

We are unable to see, in any view of the case, how this defunct contract can be infused with new life and made to do service as a cause of action. The stipulations of the contract sued upon involve more than a

mere inquiry into the consideration of the deed for the purpose of showing its true character, which is generally permissible. On the contrary, their legal import is to modify and vary the material language of the deed as an instrument of conveyance. The language "in consideration of the sum of $5800, the receipt whereof is hereby acknowledged, . . . does . . . grant, bargain, sell and convey . . . all of her . . . real estate . . . containing ninety (90) acres more or less," is to be changed by adding thereto, in substance, the following: "If upon a survey the tract is found to contain more than ninety acres the grantee will pay for the excess at the rate of $82.22 per acre, and if it contains less than ninety acres the grantor will pay back to the grantee the value of the deficiency, at the same rate per acre." We do not think this can be done. To do so would violate a long-recognized rule of law, which is stated in the case of *Van Syckel v. Dalrymple*, 32 N. J. Eq. 233, as follows:

"What was said during the negotiation of the contract, or at the time of its execution, must be excluded on the ground that the parties have made the writing the only repository and memorial of the truth, and whatever is not found in the writing must be understood to have been waived and abandoned." (Page 235.)

The judgment of the district court is affirmed.

All the Justices concurring.