# SUPREME COURT,

## STATE OF KANSAS.

## JANUARY TERM, 1909.

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. CLARK A. SMITH,
HON. SILAS W. PORTER,  } JUSTICES.
HON. CHARLES B. GRAVES,
HON. ALFRED W. BENSON,

ROBERT S. HENDRICKS v. JAMES C. BROOKS.

No. 15,951.

### SYLLABUS BY THE COURT.

1. EVIDENCE—*Extrinsic—Identity of a Mortgage with One Described in a Deed.* The identity of a mortgage, dated November 1 and acknowledged November 20, ·with a mortgage described in a deed as for the same amount and as dated on the 20th day of the same month, is a question of fact which may be proved by evidence *aliunde.*

2. CONTRACTS—*Statute of Frauds—Assumption of a Mortgage—Acceptance of Deed—Evidence.* The acceptance of a deed by the terms of which the grantor warrants the land to be free and clear of all encumbrances, "except a mortgage of $500, dated November 20, 1888, which grantee assumes and agrees to pay," makes it a contract in writing binding upon the grantee to pay the mortgage, and suit can be instituted upon it and the same rights maintained as though the deed were also signed by the grantee; and a subsequent conveyance of the land by the grantee is conclusive evidence of his acceptance of the deed and of the contract therein contained.

3. LIMITATION OF ACTIONS—*Foreclosure of a Mortgage—Absence from the State.* Upon the acceptance of such deed the debt becomes the independent debt of the grantee to the

1—80 KAN.

holder of the mortgage. The limitation of the time for bringing a suit thereon begins to run upon such acceptance, and the running of the statute may be suspended by the absence of the obligor from the state, as in other cases.

4. ———— *Foreclosure of a Mortgage.* One to whom the grantee in such deed conveys the land takes the title subject to the mortgage lien, if such mortgage be of record, and the lien of the mortgage subsists against the land so long as a suit may be maintained on the indebtedness against his grantor; in other words, a suit to enforce the mortgage lien is not barred by limitation until an action against the debtor for a personal judgment is also barred.

Error from Rawlins district court; WILLIAM H. PRATT, judge. Opinion filed April 10, 1909. Affirmed.

STATEMENT.

THIS suit was brought by James C. Brooks to foreclose a mortgage on land owned by Robert S. Hendricks. No personal judgment was sought or obtained against Hendricks, but the amount due upon a note and mortgage executed by one Collins and wife, at a time when Collins was the owner of the land, was found and adjudged a lien on the land, and the land was ordered sold to satisfy the lien unless the judgment should be paid.

The facts disclosed are in brief as follow: Collins acquired title to the land from the government on November 3, 1888. With his wife he executed a mortgage on the land, dated November 1, 1888, to secure his promissory note to one Frahm for $500. The acknowledgment of the execution of the mortgage was dated November 20, 1888, and the mortgage was recorded on the following day. On the 28th day of the same month Collins and wife made a deed of the land to one Tate, and thereby warranted the land to be free and clear of all encumbrances, "except a mortgage of $500, dated November 20, 1888, which grantee assumes and agrees to pay." Soon after the making of the deed, and before the maturity of the debt, Tate removed from the state of Kansas with his wife, and they were

continuously absent therefrom thenceforth to the time of the trial, which occurred in November, 1907. Brooks became the owner of the note and mortgage by successive assignments from Frahm, and Hendricks became the owner of the land by conveyance from Tate prior to the commencement of the suit.

The petition was in the usual form in a foreclosure suit, and prayed for judgment against Tate in the amount of the note and interest and a decree of foreclosure of the mortgage lien as to all of the defendants. Hendricks answered by a general denial, and especially pleaded the statute of limitations.

There was no claim that, in the conveyance of the land from Tate to Hendricks, Hendricks assumed and agreed to pay the mortgage.

*J. P. Noble,* for the plaintiff in error.

*Bennett R. Wheeler, John F. Switzer,* and *Fred Robertson,* for the defendant in error.

The opinion of the court was delivered by

SMITH, J.: Four questions are involved in the determination of this case: (1) The identity of the mortgage foreclosed with the mortgage which Tate assumed and agreed to pay in his deed from Collins and wife. (2) Did the acceptance of the deed from Collins and wife by Tate constitute an independent contract of indebtedness from Tate to the mortgagee or his assignees upon which the latter could, with personal service, have obtained a money judgment against Tate? (3) Was the personal action, if any such action ever existed in favor of an assignee of the mortgage against Tate, barred by the statute of limitations? (4) If the mortgage mentioned in the deed was the same as the one assigned to Brooks, and if, as it appears, an action on this indebtedness was barred by limitation as against Collins, was the lien of the mortgage upon the land thereby destroyed?

The question as to the identity of the mortgage is simply a question of fact to be determined upon evidence by the court. It is said that because the mortgage was described in the deed as dated November 20, 1888, while the mortgage in suit is dated November 1, 1888, and acknowledged on November 20, 1888, this of itself conclusively proves that there were two instruments. The evidence, however, showed that Collins did not perfect his title to the land until November 3, 1888, and it is as reasonable to suppose, especially as the mortgage was recorded November 21, 1888, that it was not completed or delivered until the 20th as that it was executed and delivered two days before he acquired title to the land. At any rate this is not conclusive, but is only a circumstance which may be overcome by other evidence.

The plaintiff, to show the identity of the instruments, produced a bonded abstracter, who testified that he had made an abstract of this land and that there was no other mortgage of record thereon dated prior to the time of the execution of the deed from Collins to Tate. It is urged that the evidence of the bonded abstracter is incompetent. He testified, however, to nothing said to be contained in the record, but simply to the negative—that there was no record of any other mortgage existent at the time. We think the objection is not well taken. (See 2 Wig. Ev. §§ 1230, 1244.)

There was substantial evidence to sustain the finding of the court on this point, and we can not disturb it.

The evidence is undisputed that Tate, who accepted the deed from Collins and thereby assumed and agreed to pay the mortgage debt, left the state of Kansas before the maturity of the debt and has been ever since absent from the state. Therefore, if there ever was any cause of action against Tate in favor of the mortgagee or his assignee, the running of the statute was suspended by Tate's absence and such action was not barred. (Civ. Code, § 21.)

It was, in substance, decided in *Schmucker v. Sibert,*
18 Kan. 104, that if the cause of action upon a note is
barred by limitation any suit upon the mortgage given
to secure the note is also barred, and, *vice versa,* if an
action upon the note is not barred a suit upon the mort-
gage is not barred.    This decision has many times
been cited with approval in this court.    The indebted-
ness of Tate to the holder of the mortgage did not origi-
nate in the execution of the note and mortgage by Col-
lins to Frahm, but in the contract to assume the in-
debtedness embodied in the deed from Collins to Tate.
And, so long as a suit by the holder of the mortgage
could be maintained against Tate on that contract, so
long survived the lien of the mortgage upon the land
conveyed by Tate to Hendricks.    This question and
practically all the remaining questions in this case
may be answered from the following excerpt from the
opinion of Mr. Justice Brewer in *Schmucker v. Sibert,
supra:*

"The acceptance of the deed makes it a contract in
writing binding upon the grantee, just as the accept-
ance by a lessee of a lease in writing signed by only the
lessor makes it a written contract binding upon such
lessee; and suit can be instituted upon it, and the same
rights maintained, as though it were also signed by the
grantee.    And it is not to be considered as a mere
promise or acknowledgment, as named in the excep-
tions to the statute of limitations, and therefore to be
signed by the party to be charged.    Those exceptions
apply to debts already existing against the parties
sought to be held, and aim to continue in force prior
liabilities.    But the grantee in such a deed was not
liable before its execution.    His liability dates from
that.    That is the first contract he has made, the first
obligation he has assumed.    At that time therefore,
as to him, the statute first commences to run.    Nor is he
discharged by the fact that the debt as to the original
debtor has since his promise become barred by the
statute of limitations.    For his contract is an original,
absolute promise to pay the debt, and not a mere con-
tract of indemnity, and to save the original debtor
harmless.    The creditor may ignore the original debtor

entirely, and proceed directly and solely upon this promise. The grantee is not simply a surety. His promise is not to see that the original debtor pays, or to pay if he does n't. But it is a direct, absolute and unconditional promise to pay the debt to the creditor." (Page 112.)

It can not be said that Tate did not accept this deed or the contract therein contained to pay the mortgage, although he testified that he did not think he assumed and agreed to pay the mortgage. The deed itself, produced in evidence, is conclusive of the contract therein, and the fact that he conveyed to Hendricks the title to the land which he derived through this deed is conclusive evidence that he accepted the deed with its obligations. (27 Cyc. 1345.)

We conclude that the evidence was sufficient to sustain the finding of the court that the mortgage which Tate assumed and agreed to pay by the acceptance of the deed from Collins and wife is the identical mortgage sued on; that by the acceptance of the deed from Collins and wife, with the contract therein contained, the contract inured to the benefit of the holder of the mortgage, who could, with personal service, have obtained a money judgment against Tate; that an action by the holder of the mortgage against Tate was not barred by limitation at the time of the commencement of this suit, the running of the statute having been suspended by the absence of Tate from the state of Kansas; that Hendricks took the land subject to all liens thereon which existed at the time of the conveyance from Tate to him, and that a suit to enforce the mortgage lien on the land was not barred by limitation until the debt which it secured was so barred.

The judgment is therefore affirmed.