Seward, J.
The plaintiff seeks to recover in this action the sum of $631.40, being taxes charged against certain real estate in' the city of Coshocton, which was conveyed to the plaintiff by the defendant, by deed dated July 1, 1905, in pursuance of a contract in writing entered into between the parties, dated May 21, 1905.
It is claimed by the plaintiff that the title to the land was to be conveyed to him free and. clear of all incumbrances whatsoever, the consideration for the real estate being $14,000, of which $2,000 was paid down May 21, 1905, and the balance has since been paid.
The deed delivered to the plaintiff contains covenants of seizin, and that the title so conveyed is clear, free and unincumbered, and provides that the grantor will warrant and defend . the same against the claims of all persons whomsoever, except the taxes and assessments' due and payable after June 20, 1905.
The plaintiff makes no claim that there was- any. fraud or mistake, nor does he ask a reformation of the contract, or deed. He plants his whole case upon the breach of covenants against incumbrances. In this view of the case, it seemed to the court, upon a statement of the case at the trial, that the court would have performed its whole duty when it should have examined, construed and passed upon the deed, as the plaintiff plants his right to recover upon the question as to whether or not there is a breach -of covenants against incumbrances as contained in the deed.
The contract of May 21, 1905, which led up to and culminated in the deed in question, is made a part of the agreed statement of facts. The plaintiff claims that the deed was to contain covenants of general warranty, but he disclaims that his cause of action is based upon any breach of warranty.
The contract is upon a printed blank, and is peculiar on account of an ambiguity which was not called to the attention of the court, but which has some bearing upon the question of liability for taxes. Upon the second page of this contract is this clause:
“The balance of said purchase price, to-wit, $12,000,' shall be paid upon the delivery of the deed to said second party, as *111 hereinafter set forth; said deed to be made and delivered on or before July 1, 1905, clear of all incumbrances ■whatsoever ,”
On the third page, immediately following the above clause, the printed words: “together with interest from this date, to be paid annually; and the said party of the second part also agrees to pay all taxes and assessments of every description whatsoever that may be levied upon said real estate from and after the date of these presents,” are erased by the scrivener by running a pen through the three lines containing this clause.
On the tenth line, of the third page, after the words “July, 1905,” appear the following words: “but on failure of the party of the second part to pay the purchase money, or any part thereof, and .taxes, as above mentioned, then this agreement to be void as it regards the party of the first part at his option. ”
This last clause tends to show that the plaintiff in this case in this contract assumed and agreed to pay the taxes, the words “or the interest,” immediately before the words “and taxes,” having been erased, and the words “and taxes,” as above mentioned, retained in the written contract.
So, if this clause of the contract has any bearing, or any controlling influence, it would appear that the grantee (the plaintiff in this case) agreed to pay the taxes.
This deed was made on the date it bears, and whs delivered at the bank in Coshocton; and it does not appear from the agreed statement of facts, or the evidence adduced, that the plaintiff ever saw the deed until the question arose concerning the payment of the taxes. The deed seems to have been delivered to the recorder for record, bj^ the .bank or some of its agents, and the plaintiff disclaims ever having received the deed from the recorder’s office, or from any other source until the question of the liability for the taxes arose. Then, the evidence shows, he went to the recorder’s office, got the deed, and took it to his attorney’s office, where it was discovered that, by the terms of the deed, he assumed and agreed to pay the taxes.
It is not clear to the court, from a construction of this contract, and the deed in which it culminated, that the defendant could be held liable for the payment of these, taxes. It is claimed by the defendant that, whatever the terms of the contract are, *112 those .terms are merged in the deed, and that the defendant would not be liable for the taxes because of the fact of the merger of the terms of the contract in the deed.
The court has examined the authorities cited, and believes that the greater weight of authority sustains the proposition, that the terms of the contract were merged in the deed when executed and delivered.
The case in 74 Mich., 183, is referred to. The court has examined the ease carefully. It was a suit for damages for cutting and carrying away timber from land which had been sold by the defendant to the plaintiff. The contract for the sale of the land contained a reservation of the right to cut and remove timber within ten years. The deed when delivered contained no reference to the reservation, but was a straight warranty deed. The grantor entered upon and cut the timber;hauled it away, and was sued for damages for trespass. The court held that the contract was merged in the deed, and that the grantor was liable for trespass. This case was decided in 1899. The 93 At. Rep., 475, and the 85 Pac. Rep., 1019 (the latter a Kansas case) are to the same effect.
From the view the court takes of the case, I deem it unnecessary to refer to further authorities on the question of merger,_ because the contract is not clear but what the plaintiff agreed to pay the -taxes; and the deed which he received conveying to him the title to the real estate provides in its very terms that the plaintiff, the grantee in the deed, agreed to pay the taxes; and this is not entirely inconsistent with the provisions of the contract, owing to what is an apparent ambiguity- in the contract itself.
There may be a judgment for the defendant. Motion for,a new trial overruled, and exceptions.