No. 40,493

Peter Siegel and Mary R. Siegel, *Appellants*, v. Eugene T. Hackler, Administrator of the Estate of Katherine Birrell, *Appellee*.

(310 P. 2d 914)

Opinion filed May 11, 1957.

*John R. Keach*, of Mission, argued the cause and was on the briefs for the appellants.

*Eugene T. Hackler*, of Olathe, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: The question here involves the construction of a deed.

On October 26, 1937, the owners thereof conveyed by warranty deed all of Lot 3, Bel-Air Acres, a subdivision in Johnson County, Kansas, to Katherine Birrell, a single woman.

On July 27, 1938, Katherine executed a warranty deed, the material portions of which read as follow:

"This Indenture, Made this 27th day of July in the year of our Lord nineteen hundred and Thirty-eight between Katherine Birrell, a single woman, of the County of Johnson and State of Kansas of the first part, and Elizabeth Rooth, as a joint tenant with the grantor herein, with the remainder to the survivor, of the County of Johnson and State of Kansas of the second part.

"Witnesseth, That the said party of the first part, in consideration of the sum of—one dollar and other valuable considerations—dollars, to her duly paid, the receipt of which is hereby acknowledged, has sold and by these presents does grant and convey unto the said party of the second part, her heirs and assigns, all that tract or parcel of land situated in the County of Johnson and State of Kansas, described as follows, to-wit:

"An undivided one half interest in and to:

All of Lot three (3), Bel-Air Acres, a subdivision in Johnson County, Kansas, according to the recorded plat thereof.

Subject to the restrictions and encumbrances of record.

It is expressly provided that in case of the death of either the said Katherine Birrell, party of the first part, or Elizabeth Rooth, party of the second part, the entire fee simple title to said real estate shall immediately pass to and vest in the survivor of them, absolutely."

This deed was duly recorded on the day of its execution.

The property in question was held by Katherine and Elizabeth until Katherine's death, intestate, on June 27, 1954.

On September 3, 1954, Elizabeth executed a warranty deed purporting to convey to plaintiffs Siegel the entire interest in the property.

A question having arisen concerning the construction of the deed of July 27, 1938, from Katherine to Elizabeth, the Siegels commenced the instant proceeding in the nature of a claim against Katherine's estate, and the parties by appropriate pleadings joined issue on the question.

In other words, the matter amounts to this: If the deed from Katherine to Elizabeth conveyed the entire interest in Lot 3 in joint tenancy with remainder to the survivor, Elizabeth became the owner of such entire interest upon Katherine's death. On the other hand, if that deed conveyed only an undivided one-half interest in Lot 3 to Elizabeth in joint tenancy with remainder to the survivor, Elizabeth, upon Katherine's death, became the owner of only an undivided one-half interest in the property, and the other undivided one-half interest was a part of Katherine's estate.

The trial court construed the deed to create a joint tenancy with right of survivorship in an undivided one-half interest in and to

Lot 3 in Katherine and Elizabeth, and held that following Katherine's death Elizabeth became the owner of an undivided one-half interest, with the result that Katherine's estate was the owner of the other undivided one-half interest.

From this ruling plaintiffs Siegel have appealed, specifying as error the orders of the trial court excluding evidence relating to the intention of the parties and rendering the judgment that it did.

At the trial of the case plaintiffs introduced considerable evidence concerning the close relationship between Katherine and Elizabeth; that Elizabeth had in fact paid the entire purchase price at the time the property was conveyed in 1937 to Katherine; that it was the intention of both Katherine and Elizabeth that the survivor of them should have ownership of the entire interest in the lot in question; that the deed from Katherine to Elizabeth was prepared by a then practicing attorney of their choice with that idea in mind, and that if a literal wording of the deed is that it conveyed to Elizabeth only an undivided one-half interest in joint tenancy then such was a mistake on the part of all parties concerned.

It is to be noted that if this proceeding be considered as one to reform a deed on the ground of mutual mistake it was filed too late. The deed was executed July 27, 1938, and this action was not commenced until after Katherine's death in 1954. G. S. 1949, 60-306, *Sixth,* provides that:

"An action for relief not hereinbefore provided for can only be brought within five years after the cause of action shall have accrued."

This section has been held to apply to an action to reform a deed on the ground of mutual mistake, and it has been held that the statute commences to run from the date the mistake is made. (*Travis v. Glick,* 150 Kan. 718, 96 P. 2d 624; *Collins v. Richardson,* 168 Kan. 203 [Syl. 5 and p. 209], 212 P. 2d 302.)

Plaintiffs insist the deed is ambiguous and inconsistent in that the intention appears to be to convey two interests—first, the one-half interest described, and second, the remainder of the property to the survivor—and direct our attention to *Bennett v. Humphreys,* 159 Kan. 416, 155 P. 2d 431, and *Kennedy v. Monroe,* 165 Kan. 168, 193 P. 2d 220, as authority for the proposition that where a deed is ambiguous as to the intention of the grantor all of the surrounding facts and circumstances attendant upon its execution will be considered in order to ascertain and carry out the intent of the parties, and it is contended the court erred in disregarding the evidence which clearly showed the intention of the parties, including that

of the scrivener, to be that upon the death of either Katherine or Elizabeth the survivor was to have ownership of the entire interest in and to the property in question.

On the other hand, we are confronted with the equally well-established rules stated in the recent case of *Brungardt v. Smith,* 178 Kan. 629, 290 P. 2d 1039, in which it was said the presumption is that all oral understandings and agreements leading up to the execution of a deed are merged in the deed; that in construing a warranty deed the terms of which are unambiguous the meaning and intention are to be derived from a consideration of the entire instrument; that if the terms of a deed are clear and unambiguous resort to rules of construction applicable to instruments which are not clear as to meaning, is not had, and that ambiguity in a conveyance does not appear until application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which of two or more meanings is the proper meaning. (p. 636.) The word "ambiguity" also has been defined to be duplicity, indistinctness or uncertainty of meaning of an expression used in a written instrument. (*Barrett v. Coal Co.,* 70 Kan. 649, 654, 79 Pac. 150.)

In our opinion it may not be said the language of this deed is ambiguous, thus permitting the introduction of evidence to establish what is claimed to be the true intent of the parties. Plaintiffs contend, in substance, that the language "the entire fee simple title to said real estate" overrides and supercedes the description. We are unable to agree. The deed specifically describes the property conveyed as "An undivided one half interest in and to" the lot in question. The words "the entire fee simple title" refer to the type or extent of title of that conveyed rather than to the amount of land conveyed. The words "said real estate" refer to "An undivided one half interest in and to" the lot in question, that being the description of the amount conveyed.

Such being the case, the trial court did not err in excluding or disregarding evidence relating to the intention of the parties.

As applied to a case such as this, the reason for the rule announced is obvious, and were it otherwise little protection would be afforded by the rule against modification of the terms of a written instrument by parol testimony. After careful consideration of the provisions of the deed in question, and of plaintiffs' contentions, we are unable to arrive at a conclusion different from that reached by the trial court, and the judgment is therefore affirmed.