No. 46,838

SIMEON WEBB and THELMA WEBB, *Appellees*, v. RUTH GRAHAM, *Appellant*.

(510 P. 2d 1195)

Opinion filed June 9, 1973.

*John B. Towner*, of Weir, Angwin & Towner, of Pittsburg, argued the cause and was on the brief for the appellant.

*Harold H. Crook*, of Pittsburg, argued the cause, and *Simeon Webb*, also of Pittsburg, was with him on the brief for the appellees.

The opinion of the court was delivered by

FROMME, J.: The defendant, Ruth Graham, appeals from a judgment quieting plaintiffs' title to city lots in Pittsburg, Kansas. The plaintiff Simeon Webb purchased the lots in question from the defendant and her husband, A. Staneart Graham, on November 22, 1966. A deed to the lots was executed and acknowledged before a notary public on November 22, 1966. It was not delivered until the total purchase price of $6500.00 was paid on June 14, 1967, at which time the deed was accepted and filed of record. The contract was not recorded until three years and seven months later. We cannot determine from the record how the contract came to be recorded.

The recording of the contract precipitated the present action. The contract contained a clause requiring the plaintiff Simeon Webb to pay any paving assessments placed against other lots along South College Avenue owned by the Grahams. The deed

contained no similar provision. The clause in the contract which gave rise to this action reads:

"It is further agreed by the parties hereto that if South College Avenue, as it is now located or as it may be re-located in the future, in Grandview Heights Addition is paved, the second party will pay any and all assessments or taxes levied for that pavement, and that any land owned by the first parties in said addition shall not be liable for any taxes levied for the paving of South College Avenue unless parties of the first part agree to same in writing."

A. Staneart Graham and Simeon Webb were practicing lawyers in Pittsburg. Mr. Graham died June 26, 1968, one year after the deed was delivered and recorded. He died two years before the contract was recorded. Ruth Graham succeeded to her husband's rights as a surviving joint tenant in a deed recorded shortly before his death. She will be referred to as the defendant. Simeon Webb and Thelma Webb, his wife, brought the present quiet title action to have the paving assessment clause in the contract declared of no force and effect. They will be referred to as the plaintiffs.

During a trial to the court evidence was introduced to establish the intentions of the parties with regard to the paving clause in the contract which had been omitted from the deed. The evidence was sharply conflicting but the trial court found:

". . . [T]he provisions of the contract of sale . . . and all prior stipulations and agreements were merged in the final and formal deed executed by the parties . . . *which deed was delivered and accepted as performance of the contract of sale* and conveyed the property in question free and clear of any provisions contained in the contract of sale. . . ." (Emphasis added.)

On appeal the defendant contends as a matter of law there was no merger for both the contract and the deed were contemporaneously executed and the paving clause was a separate independent agreement forming additional consideration for the conveyance.

This court has consistently recognized when a deed is prepared, executed and delivered by the grantors and accepted by the grantees in performance of a real estate contract there is a presumption the contract is merged in the deed. (*Hampe v. Higgins,* 74 Kan. 296, 85 Pac. 1019; *Read v. Loftus,* 82 Kan. 485, 491, 108 Pac. 850; *Baker v. Custer,* 121 Kan. 383, 247 Pac. 843; *Palmer v. The Land & Power Co.,* 172 Kan. 231, Syl. ¶ 2, 239 P. 2d 960; *Brungardt v. Smith,* 178 Kan. 629, 290 P. 2d 1039; *Linville v. Nance Development Co.,* 180 Kan. 379, 384, 304 P. 2d 453; *Siegel v. Hackler, Administrator,* 181 Kan. 316, 310 P. 2d 914; *Griffith v. Byers Construction Co.,* 212 Kan. 65, 510 P. 2d 198.

In *Palmer v. The Land & Power Co.*, supra, a contract for the sale of realty provided for a reservation of a mineral interest. The deed given by defendant contained no such reservation. The court in holding the deed controlled said:

". . . So in the instant case, when the original warranty deed was prepared by the defendants conveying to this plaintiff and her husband the property in question free and clear of all encumbrances and containing no provisions for a reservation of one-half interest in the minerals, the inference is that that provision in the contract was waived and superseded by the deed. [Citations omitted.] It has been held that articles of agreement for the conveyance of land are in their nature executory and the acceptance of a deed in pursuance thereof is to be deemed prima facie an execution of the contract and the agreement thereby becomes void and of no further effect. (84 A. L. R. 1008, 1015n; 26 C. J. S. 340 *et seq.*)" (172 Kan. p. 237.)

Although covenants in the contract are presumed to be merged in a deed executed and delivered in fulfillment of the contract, such a merger depends upon the intention of the parties, and intention in such cases is a question of fact to be determined by an examination of the instruments and from the facts and circumstances surrounding their execution. (*Linville v. Nance Development Co.*, supra.)

In *Read v. Loftus*, supra, the court held:

"Whether a stipulation in a contract for the sale and conveyance of real estate to deliver at a future date an abstract showing good title, satisfactory to the attorney for the vendee, is merged in a warranty deed and a mortgage given for the purchase money, executed contemporaneously with the contract, is a question to be determined by an examination of the instruments and the situation, conduct and intention of the parties.

"If the deed is accepted as performance of the conditions of the contract, it supersedes the stipulation. But if the parties agree and intend that the stipulation is to remain in full force and effect, it will not be considered as merged in the deed." (Syl. ¶¶ 1 and 2, 82 Kan. 485.)

It has been held a promise to assume and pay the mortgage indebtedness on land is enforceable even though it is not expressly mentioned in the deed of conveyance. In *Smith v. Kibbe*, 104 Kan. 159, 178 Pac. 427, 5 A. L. R. 483, it was said:

". . . Although the assumption of the debt was not expressly mentioned in the deed executed by Haney to them, the written contract executed in pursuance of a verbal agreement contained an express promise to assume and pay the debt. This promise and assumption was just as binding as if it had constituted a provision of the deed. To be valid it was not essential that the agreement be a part of the deed, nor that the promisor should have signed any writing. (*Fisher v. Spillman*, 85 Kan. 552, 118 Pac. 65.) . . ." (p. 163.)

(See also *Woodburn v. Harvey*, 107 Kan. 57, 190 Pac. 620; *Foetisch v. White*, 124 Kan. 136, 257 Pac. 941.)

When a covenant in a contract of sale of real estate is intended as an independent collateral agreement between the parties there is no merger. See Anno. Merger of Contract in Deed, 84 A. L. R. 1008, supplemented 38 A. L. R. 2d 1310; 26 C. J. S., Deeds, § 91, p. 842.

The plaintiff Simeon Webb testified in the present case that Staneart Graham contacted him in November, 1966, and suggested he purchase the lots. The sale was negotiated and for tax reasons the parties agreed Webb was to pay $500.00 down in 1966, and the balance in 1967. Graham drew up the contract and gave it to Webb. Webb took the contract home and noticed the paving assessment clause to which he had not agreed. The next day Webb talked to Graham about the clause. Graham agreed to eliminate it from the deed and stated he would not record the contract. The deed was then drawn up and signed without the paving clause and Webb paid the down payment.

Much of the testimony in the record is self-serving and conflicting. The evidence raises several questions which remain unanswered and which bear upon the credibility of the witnesses and conclusions to be drawn from the evidence. The trial court apparently believed the evidence of the plaintiffs. The evidence supports a conclusion that the paving assessment clause was never agreed to by the plaintiff Simeon Webb and that it was intentionally omitted from the deed. Under these circumstances the clause in the contract had no force and effect and judgment in favor of plaintiffs was proper.

Where the findings of the trial court are supported by substantial competent evidence and the findings support the judgment entered thereon the judgment will not be overturned on appeal. (*Huxol v. Nickell*, 206 Kan. 102, 476 P. 2d 606; *Schmidt v. Jensen Motors, Inc.*, 208 Kan. 182, 490 P. 2d 383; *Klooz, Administrator v. Cox*, 209 Kan. 347, 496 P. 2d 1350.)

The judgment is affirmed.

OWSLEY, J., not participating.